W. R. JONES et al., Partners, etc., *Appellees*, v. ALICE S. ARNOLD, *Appellant*.

No. 18,022.

SYLLABUS BY THE COURT.

PRINCIPAL AND AGENT—*Good Faith of Agent—Evidence—Entitled to Commission.* An agent engaged to find a purchaser for his principal's land is bound to act with the utmost good faith towards him and to keep him informed of facts affecting his interest; but, held that the finding of the jury that the acts of the agent herein were free from fraud is sustained by the testimony.

Appeal from Washington district court. Opinion filed June 7, 1913. Affirmed.

*Edgar Bennett*, and *T. P. Roney*, both of Washington, for the appellant.

*Thad B. Landon*, of Kansas City, Mo., and *A. J. Freeborn*, of Washington, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action appellees, a firm of real-estate brokers, sought to recover $750 as commission for procuring a purchaser of appellant's farm consisting of two hundred and forty acres. Appellant fixed the price of her land at $15,000, and it was agreed

that appellees should have as commission one per cent of that sum and also any sum above $15,000 for which a sale of the farm could be effected. A purchaser was found by appellees to whom the land was sold for $65 an acre, amounting to $15,600. About these facts there is no dispute. Under the terms of the agreement appellees had earned the sum of $750, but appellant refused to pay any commission on the ground that appellees had not dealt frankly and honestly with her in their capacity as agents. This claim is based on the fact that appellees had been told in advance of the agreement with appellant to sell her land that a person whom they had met desired such a farm as appellant's and had said that he might buy it at the price of $65 per acre, and that the failure to disclose this conversation operated as a fraud upon her.

It is true, as contended, that agents are bound to the exercise of good faith as well as diligence and skill towards the principal, and after assuming the relationship of agents they are bound to keep the principal informed of the facts affecting the interest of the principal. The question of whether appellees acted in bad faith towards appellant was submitted to the jury, and their verdict is, in effect, a finding that there was no fraud practiced. There was testimony, which was evidently credited by the jury, to the effect that when appellees first interviewed appellant about her land she only asked $15,000 for it and that she then agreed to give appellees one per cent of the $15,000 ($150) and any sum in excess of $15,000 which the purchaser was willing to pay. It is true that appellees had been told that the purchaser desired a farm and might pay $65 per acre for appellant's land, but there was no assurance that he would take it at any price. To show that there was no concealment of the fact that the farm was to be sold at a higher price than $15,000 and that appellant was not misled as to price or commission there was proof that she agreed in advance that she would

price the land to the purchaser, when brought there, at $15,600, and when appellees brought the purchaser and owner together she actually did tell the purchaser that the price of the land was $65 per acre.   Accepting this testimony as true, how can it be said that there was concealment or fraud as to either price or commission? She not only knew that appellees were seeking to sell the land at a higher price but she coöperated with them to that end in order that only a small part of the commission should be deducted from the minimum price she was willing to accept.   She named to the purchaser the maximum price and by her help he was induced to pay that price.

The complaint that the court failed to instruct the jury as to bad faith and fraud is not well founded. After stating the claims of appellant in this respect the court told the jury that:

"It is the duty of one acting for another in the sale of real estate, whether for compensation or otherwise, to faithfully and truthfully make known to his principal all matters pertaining to the transaction, and to act with the strictest integrity and the utmost good faith toward his principal, and, if he violates this duty in any manner he forfeits any commission that would otherwise be due him."

This is followed by a statement of the general rules applicable in determining whether or not there is fraud in a given transaction.   Appellant has no cause to complain of this instruction.

The case appears to have been fairly submitted to the jury, and it also appears that there is sufficient testimony to sustain the finding that there was neither bad faith or fraud practiced by the appellees.

The judgment will be affirmed.