No. 20,406.

C. T. RATLIFFE, *Appellee*, V. BERTHA A. CEASE, *Appellant*.

SYLLABUS BY THE COURT.

AGENCY—*Exchange of Realty — Fraud of Agent — Forfeiture of Commissions—Agent's Additional Liability*. The plaintiff contracted with the defendant for one hundred dollars to procure for her an exchange of her property for that of another, and fifteen hundred dollars to boot. He arranged with the other party to pay the plaintiff five hundred dollars and the defendant one thousand dollars, but reported to the defendant that a thousand dollars was the most boot he could get such party to pay, assuring her that he was working for her interest. The defendant contracted to exchange for one thousand dollars. Before final delivery of the papers she learned that this party was to pay the plaintiff the five hundred dollars, but went ahead with the trade. The plaintiff sued for his commission of one hundred dollars. The defendant set up the fraud and counterclaimed for five hundred dollars damages. *Held*, that by his conduct the plaintiff lost all right to his commission and became liable to the defendant for the five hundred dollars.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 12, 1917. Modified.

*Earl Blake, W. A. Ayres*, and *C. A. McCorkle*, all of Wichita, for the appellant.

*P. D. Gardiner*, and *H. C. Castor*, both of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: Briefly stated the facts of this case are that the defendant employed the plaintiff to procure an exchange of her property for that of one T. J. Crook and $1500 to boot. Crook was interviewed by the plaintiff and agreed to pay the defendant a thousand dollars boot and to pay the plaintiff the other $500. Plaintiff reported to his client that a thousand dollars was the most he could get Crook to give. After assuring the defendant that he was acting for her best interests she completed the transaction and received the thousand dollars, the plaintiff's services for acting as her agent to be $100. After the contract had been entered into between the defend-

ant and Crook, and after the papers had been deposited for final delivery upon completion of the preliminaries, she learned that the plaintiff was to receive $500 from Crook, but nevertheless went ahead with the deal. Ratliffe sued to recover his $100. The defendant counterclaimed for $500 damages for the fraudulent action of her agent. The jury found the facts as indicated but did not allow her any damages. The defendant moved for judgment for $500 on the findings, which was refused. Neither recovered anything except the defendant, who recovered her costs. The court and the jury left the parties where they found them. The defendant appeals. It goes without saying that the plaintiff by his conduct forfeited any right to remuneration. Had he been faithful to his client she would have received $1500 instead of $1000 in addition to the property.

When Mrs. Cease found out about the $500 transaction between her agent and Mr. Crook she was already under contract with the latter to exchange properties. It does not lie in the mouth of the plaintiff to say that it was her duty to repudiate the deal with Crook on account of the plaintiff's fraud. (*Jeffries v. Robbins,* 66 Kan. 427, 71 Pac. 852; *Kershaw v. Schafer,* 88 Kan. 691, 129 Pac. 1137; *Rinebarger v. Weesner,* 91 Kan. 303, 137 Pac. 969; 2 C. J. § 356, p. 697, and cases cited; 31 Cyc. 1434.)

The plaintiff wronged the defendant out of $500. If he had been honest with her she could and would have received $1500 instead of $1000 boot money. Whether or not he received this sum from the purchaser, and it seems that he did not, he caused the defendant to lose it and is liable therefor.

The cause is therefore remanded with directions to render judgment for the defendant for $500.

WEST, J. (dissenting) : In the case chiefly relied on, *Kershaw v. Schafer,* 88 Kan. 691, 129 Pac. 1137, the defendant profited in a large amount by his own fraud. Such were the facts in the other cases cited by the defendant. Our attention is called to no authority holding the plaintiff liable beyond the loss of his commission. When the defendant became fully advised that her vendee instead of paying her the $500 had agreed to pay it to her agent she "wanted the deal to go through."

Ratliffe v. Cease.

"Q. You knew you had been swindled out of your Five Hundred Dollars? A. We trusted to luck to get it; we thought maybe—

"Q. You still wanted the deal to go through? A. We were very anxious the deal to go through, or would n't have accepted the Thousand Dollars. We hesitated a while, we did n't take it up on the Thousand Dollars; I said, 'I could n't do it', yet after I talked of it a while, we thought maybe we had better do it.

"Q. After you found out you had been swindled out of Five Hundred Dollars, you went on and had your contracts exchanged on July 1st? A. Yes, sir.

"Q. And accepted your One Thousand Dollars? A. Yes, sir.

"Q. A month after you found that out? A. Yes, sir."

As Crook made plaintiff his agent in fixing the terms of the trade he could hardly have held Mrs. Cease to the contract had she desired to be released therefrom. It is not shown that her property would not have brought as good terms from some other purchaser as from Crook, and it is only by adding the machinations of the plaintiff to take advantage of his client to his success in finding a purchaser that it can be said that he caused the defendant the damage claimed. For the latter efforts he would have been entitled to his commission had they not been coupled with the disloyalty to his client. His entire part in the matter, however, left the defendant with her property, without any indebtedness to him for commission, and with full knowledge of the situation she voluntarily carried out the deal with Crook on the terms which the plaintiff had negotiated as between the parties thereto, and she having in that sense lost nothing and the plaintiff having gained nothing, the trial court correctly left the parties where it found them.