Avery v. Baird.

No. 22,560.

JUSTIN T. AVERY, *Appellee,* v. CHARLES BAIRD and FOREST C. COCHRAN, *Appellants.*

SYLLABUS BY THE COURT.

AGENCY—*Sale of Real Estate—Forfeiture of Right to Commission.* The evidence considered, and held to show forfeiture by a real-estate agent of right to a commission for his services in negotiating a sale, because of unfaithful conduct.

Appeal from Decatur district court; CELSUS A. P. FALCONER, judge. Opinion filed March 6, 1920. Reversed.

*L. H. Wilder,* of Norton, *Alexander New, Arthur Miller, Edwin Camack, Maurice H. Winger, Frank P. Barker,* and *P. E. Reeder,* all of Kansas City, Mo., for the appellants.

*J. P. Noble,* of Oberlin, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a real-estate agent to recover a commission for the sale of a tract of land. The plaintiff recovered, and the defendants appeal.

The plaintiff pleaded that he sent the defendants the following telegram: "Think I can close deal on McKenzie quarter $3,100 cash net to you. Wire answer." The defendants replied as follows: "Will sell McKenzie quarter thirty-one hundred cash net to us." Pursuant to these telegrams, the plaintiff negotiated a sale of the land for $3,400, which the defendants received. The defendants refused to pay the plaintiff his claimed commission of $300, and the prayer was for judgment for that sum. The answer was that the plaintiff was agent for the defendants in negotiating the sale, and as such agent was guilty of fraud. The reply denied agency, under oath, and denied generally other allegations of the answer.

The facts are not disputed. In August the plaintiff wrote the defendants that he had an offer of $3,200 for the land, that $3,200 was a fair price, and that he would expect the usual commission in case of sale. The defendants said in reply they would sell for $3,400 net cash, or $3,500 net on time. Corres-

pondence followed which related to sale of the land, and to renting it in case it could not be sold. On September 12 the plaintiff wrote the defendants as follows:

"Your favor of the 10th received, and I note that you will accept $3,-200 net for the McKenzie quarter. I just received a letter from Mr. Feaster, and $3,200 is the best offer he has ever made, and I doubt whether he will take the land at that now, as he has made arrangements to leave for Montana the 18th; but I will write him, and see what he says. As he won't give any more than the $3,200, if he takes the place I will expect a regular commission of five per cent and two and one-half per cent, which will be $105, but will close the deal if I can at $100 for you."

On September 15 the defendants telegraphed the plaintiff, and confirmed the telegram by letter, that they would sell for $3,200 cash and pay $100 commission, the offer to be good until the 19th. On September 20 the plaintiff wired the defendants as follows: "My man failed to come. Rent your land." On September 27 the· defendants wrote the plaintiff regarding lease of the land, and said:

"We shall leave the sale of this land in your hands, and any time you have a definite proposition for purchase of the same, trust you will let us know at once."

On October 13 the telegrams set out in the petition were exchanged. The fact was that before sending the telegram, "Think I can close deal on McKenzie quarter $3,100 cash net to you," the plaintiff had already negotiated a sale for $3,400, and had given the purchaser a written contract of sale at that price, bearing the following signature: "Baird and Cochran, by their agent, Justin T. Avery." The plaintiff forwarded the contract to the defendants, which they approved and carried out with the purchaser. They objected, however, to paying the plaintiff a commission of $300, and insisted that in no event could they be liable for more than the usual commission, $110. At the trial the plaintiff admitted the sale had been negotiated before the telegrams of October 13 were exchanged.

There is no fairly debatable question in the case. That the plaintiff was agent of the defendants was conclusively proved by his conduct in negotiating a sale of the land, and in signing the contract of sale as agent, before it occurred to him to trick his principals in the matter of commission. Having negotiated the sale, it was his duty to give a faithful report of the facts,

instead of resorting to the preliminary subterfuge disclosed by his uncandid telegram. Having violated this duty to his principals, the plaintiff forfeited his right to any commission. (*Jeffries v. Robbins,* 66 Kan. 427, 71 Pac. 852; *Deter v. Jackson,* 76 Kan. 568, 92 Pac. 546.) It makes no difference that the defendants carried out the contract with the purchaser. The courts are closed to an action by the plaintiff for relief based on his own fraud. (*Krhut v. Phares,* 80 Kan. 515, 103 Pac. 117; *Ratliffe v. Cease,* 100 Kan. 445, 164 Pac. 1091.)

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendants.

WEST, J. (dissenting) : When the transaction between the plaintiff and the defendants came to a close the latter knew all that the former knew when he sent the criticized telegram. Whatever information he had withheld was now fully in possession of the defendants, who then acted with their eyes wide open, and for them to say now that they should not pay the regular and ordinary commission because their agent had at a previous time undertaken to mislead them, is about the same as for one to refuse now to pay his grocer because at some former time in history he charged him more than 85 cents a dozen for eggs. A fraud that does not defraud, and much more—an attempt that does not succeed—does not rise to the dignity of a defense to a debt not only owed but acknowledged. In my judgment the plaintiff should recover the usual commission.