No. 32,639

OWEN DOTY, *Appellee*, v. GRACE LEWIS MORROW et al., *Appellants*.

(54 P. 2d 940)

Opinion filed March 7, 1934.

*George F. Beezley*, of Girard, and *W. A. Barnett*, of Okmulgee, Okla., for the appellants.

*Thomas D. Winter*, of Girard, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover a commission for the sale of real estate. Judgment was for plaintiff. Defendants appeal.

Defendants are three sisters and the husbands of two of them. Mrs. Morrow, Mrs. Finical and Alice Graham each owned an undivided one-third interest in a building in Girard. In his bill of particulars plaintiff alleged that he had a contract with defendants whereby he was to secure a buyer for the building for a price so that defendants would receive $2,100 for it and plaintiff was to receive as commission all over that for which he might be able to sell the property. The bill of particulars then alleged that plaintiff had found a buyer for the property for $2,400 and that he was entitled to a commission of $300, which defendants refused to pay.

The answer of defendants alleged that the contract they had with plaintiff was that he was to find a buyer for the property at a price of $2,100 and was to receive a commission of $100. The answer then alleged that plaintiff procured a buyer at a price of $2,400 instead of $2,100; that plaintiff reported to defendants that he had procured a buyer under the terms of the original agreement but did not disclose that he had secured a buyer for the sum of $2,400; that he did not give a faithful report of his dealings and did not act in good faith toward defendants and had forfeited his rights to any commission. The case was tried in justice court, where there was a judgment for plaintiff. On appeal to the district court the case was submitted to a jury. A verdict was returned in favor of plaintiff. Judgment was rendered accordingly. Hence this appeal.

The questions raised by this appeal are mainly based on the admissibility of evidence. The way the matter comes up is about as follows: Plaintiff testified that H. E. Morrow, the husband of Grace Morrow, told him to get a buyer for the building; that he could get the sisters to take $2,000 for the building and pay him $100. He testified to a later conversation with Mr. Finical and Mr. Morrow, and the price mentioned then was $2,000. Plaintiff then testified that while he and Mr. Morrow were out riding at Carthage, Mo., Mr. Morrow said, "I don't care what you get for it; they wanted to sell it and I don't care what you get for it." Defendants objected to the admission of this evidence on the ground that it was a statement made out of the presence of Mrs. Finical, Mrs. Morrow or Mrs. Graham, and without any proof having been made of Mr. Morrow's having been acting as agent for any of the defendants. This objection was overruled. The plaintiff then testified that Thomas, the man to whom he sold the property, was talking to him and that plaintiff called Mr. Finical and told him that Thomas had

made him an offer of $2,400 if some furniture were thrown in. He testified that Mr. Finical said to sell it to him. The same objection was made to this and overruled. He then testified that he sent a wire to Mr. Finical for authority to close the deal on the building at $2,100 and got back a wire "All right to sell building and fixtures as per your wire." He testified that he and Thomas signed a contract for the sale of the building at a price of $2,400 and that he did not send a copy of the contract to any of the defendants. He did not show Thomas the wire to Mr. Finical or his answer. He testified as to a letter he and a Mr. Stalker wrote to Mr. Finical in which they spoke about a price of $2,100 for the building and a commission of $100. He testified that when all the parties met in the office of a lawyer to sign the deed Mrs. Graham refused to sign the deed at first when she found that the purchase price was $2,400 instead of $2,100. Thomas testified to the same general effect as plaintiff. At the close of the above evidence for the plaintiff the defendants demurred to it on the ground that it did not prove the cause of action stated in the bill of particulars. This demurrer was overruled. Defendants introduced their evidence and the jury found for plaintiff. Judgment was entered in accordance therewith.

It will be noted that it is necessary to consider the evidence as to the conversations of plaintiff and Mr. Finical in order to have any evidence at all as to a contract whereby the property should be sold for any price other than $2,100. Another such conversation must be considered to have any evidence that there was a contract whereby plaintiff was to receive all the property sold for over $2,100. A further search of the record shows it to be devoid of any evidence that Mr. Finical or Mr. Morrow had any authority to bind the other defendants, the owners of the property. Once this conclusion has been reached the case becomes one where an agent agreed to find a buyer for a piece of property at a certain price and then sold it for a higher price without disclosing the higher price to his principal and attempted to retain the difference. We have held many times that such conduct results in the agent not being entitled to any commission. (See *Avery v. Baird,* 106 Kan. 507, 188 Pac. 254; also *Schlesener v. Mott,* 107 Kan. 41, 190 Pac. 745; also *Jones v. Hall,* 113 Kan. 368, 214 Pac. 621.) We conclude, therefore, that the demurrer of defendants to the above evidence of the plaintiff should have been sustained.

The judgment of the trial court is reversed with directions to render judgment for defendants.