No. 38,649

BEN A. GRABER (Plaintiff) v. STANLEY M. TENNANT and MASON TENNANT, doing business as Tennant Realty Company, *Appellants,* ELLA SHIVE and ROY SHIVE, *Appellees* (Defendants).

(250 P. 2d 816)

Opinion filed December 6, 1952.

*B. A. Earhart,* of Hutchinson, argued the cause, and *Aubrey V. Earhart,* of Hutchinson, was with him on the briefs for the appellants.

*Don Shaffer* and *Abraham Weinlood,* both of Hutchinson, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The present appeal is concerned with the right of the defendants Tennant to recover an agent's commission for selling real estate belonging to the defendants Shive, and grows out of the following.

Under date of November 22, 1943, Ben A. Graber made a written offer to purchase certain real estate in Reno county owned by the Shives for a total consideration of $8,250, made up of cash payments and the assumption of a described mortage, possession to be given March 1, 1944. The offer stated it was with the understanding Graber was to receive a complete abstract of title showing the real estate was clear of incumbrance except as provided, and further that as evidence of good faith and to induce acceptance of his offer, Graber had paid the Tennants, agents, the sum of $250 to apply as a down payment. The offer also contained the following paragraph:

"In event of the acceptance of this offer to purchase, the terms hereof are to be complied with on or before 60 days from date unless a reasonable time thereafter shall be required by either part, then, and in that event, such reasonable time shall be granted."

On November 22, 1943, the Shives accepted, in writing, the above offer and agreed as soon as practicable to deliver all necessary conveyance papers. For reasons hereafter detailed, this contract made by the offer and acceptance was never performed.

At some later, but undisclosed, date Graber commenced an action against the Tennants and the Shives, alleging the above mentioned contract and his payment of $250 to the Tennants; that he was ready, able and willing to perform the contract according to its terms but that the defendants refused to go ahead with the deal and close the same, and alleging facts that he had incurred expense, demanded that defendants reimburse him for his damages and expense and return to him his $250 down payment, and he prayed for judgment accordingly.

The Tennants filed an answer and cross petition denying they owed plaintiff any amount, alleging they negotiated the contract

for the Shives and that Graber had paid them as agents of the Shives the sum of $250; that for their services they were entitled to $331.25 as commission and $10.50 for authorized expense, from Graber and the Shives; and they prayed for judgment accordingly.

The Shives filed an answer denying the allegations of the plaintiff's petition and of Tennants' cross petition.

On the issues thus joined a trial was had at which a jury was waived, at the conclusion of which judgment was reserved until briefs were filed. On April 7, 1947, the trial court rendered a judgment that Graber recover from the Tennants the sum of $250 and costs, and that judgment on the issues between the defendants be reserved. Over four years later and on July 30, 1951, the trial court rendered judgment that the cross petition of the Tennants against the Shives be denied and the costs assessed against the Tennants. The Tennants' motion for a new trial was denied and in due time they perfected their appeal to this court from the judgment in favor of the Shives, their specification of errors covering the matters later discussed.

Discussion of appellants' contentions is facilitated by directing attention to certain undisputed facts and to a résumé of a portion of the evidence, made in the light of the trial court's judgment.

It is first noted that the Graber offer to purchase was dated November 22, 1943, and was accepted on the same day; that the contract was to be performed within sixty days; that such expiration date would be January 21, 1944, unless the time for performance had been extended under the provision of the offer heretofore quoted.

In substance, Graber testified that in order to raise money needed by him to complete the foregoing contract he had to sell some land; that on January 28, 1944, he had not sold it and asked Tennant for an extension, which Tennant assured him he could have; that he sold his farm February 2, 1944, and then saw Tennant and offered his check and Tennant told him Shives wanted cash and on February 9 he again sought to close the deal by using a cashier's check but it was not closed. In a summary way it is noted that there is no testimony by the Tennants that they ever told the Shives that they had advised Graber the time for performance had been extended, nor is there any denial by them of Graber's testimony they had given him an extension. Roy Shive, who did not deny that Tennants were the agents of the Shives, testified positively that Tennants had never talked to him or his wife about an extension; that they were ready

in the sixty-day period to perform but in order to give possession of their real estate on March 1, 1944 (as the agreement required), they had to give notices to the tenants of the house and of the farm lands to terminate their tenancies; that Graber came to see him in February, 1944, and wanted to complete the transaction and he then told Graber that he did not know about closing as the place was rented. So far as the abstract discloses that ended the matter between Graber and the Shives.

Appellants' argument is divided into two parts. They first state that they brought Graber and the Shives together and the contract of purchase and sale resulted. They direct attention to the clause with reference to extension of time, quoted above, and state that under its wording Graber was entitled to a reasonable time to perform and did not need to ask for an extension of time; that the delay of Graber for ten or fourteen days to tender performance was within a reasonable time and he was entitled to performance by the Shives as they suffered no disadvantage by the delay. It may be doubted that appellants are entitled to rely on such a contention, even though Graber might if he were the appellant.

In our opinion the above contention cannot be sustained. The extension provision is not automatic and Graber did not so consider it for he asked Tennants for an extension which they granted although they were never authorized so to do. Neither do the decisions relied on by appellants, i. e., *Bank v. Brown,* 80 Kan. 520, 103 Pac. 102, 23 L. R. A. (ns) 824, and *Marsh v. Brown-Crummer Inv. Co.,* 138 Kan. 123, 23 P. 2d 465, 88 A. L. R. 835, support their argument. It is true that each case discusses what is a reasonable time, but under the facts of each case there was no fixed time for performance, as in the case now under consideration, and what is said in them is not determinative here. Further the statement that the Shives suffered no disadvantage by the delay is against the record. Under the contract the Shives were to give possession on March 1, 1944, and Graber's delay prevented them from terminating tenancies. When performance was finally tendered by Graber, the Shives were no longer in position to perform.

Appellants' second question is whether they are entitled to a commission, and they direct our attention to decisions holding that a real-estate agent is entitled to a commission when he produces a buyer who is able, ready and willing to purchase upon the terms proffered or upon terms acceptable to his principal (see e. g. *De-*

*Young v. Reiling,* 165 Kan. 721, 199 P. 2d 492, and cases cited). Without discussion we shall assume correctness of the rule contended for, but under the evidence here the broker or agent has not earned any commission. Graber's testimony disclosed clearly that within sixty days from the date of the contract he was not able and ready to perform and did not become so until at least ten days after the time for performance had expired.

In their brief the appellants call attention to an argument, evidently made in the trial court, that they did not act in good faith with the Shives, and that *Frowe v. McPheeters,* 122 Kan. 420, 251 Pac. 1105, and *Schlesener v. Mott,* 107 Kan. 41, 190 Pac. 745, are not in point as those were cases where real estate agents practiced a fraud on their clients. There is nothing in the record that shows the trial court considered the appellants guilty of active fraud, nor do we find they were. They were guilty of bad faith only in a negative way. The rule is that an agent engaged to find a purchaser for his principal's land is bound to act with utmost good faith towards him and to keep him informed of facts affecting his interest (*Jones v. Arnold,* 89 Kan. 755, 132 Pac. 1000). That the agents did not do in this case by their failure to advise the Shives of their extending to Graber time for performance. That such failure was detrimental to the interest of the Shives, is not open to debate.

In our opinion the trial court did not err in holding that the Tennants were not entitled to recover a real estate agent's commission from the Shives. There is however another claim for recovery which, though small, needs attention. When the contract of purchase and sale was executed, the abstract of title to the Shives' land was in possession of The Federal Land Bank of Wichita, which held a mortgage thereon. The Tennants made a required deposit, received the abstract of title and had it certified to date, as required by the contract, with the result they are out of pocket the sum of $10.50. In their brief, appellants state they were entitled to recover that amount. In their brief, appellees do not discuss the matter. This expense was incurred while no party was in default in any manner and we know of no reason why the Shives should not reimburse the Tennants, and under G. S. 1949, 60-3317, we direct the trial court to render judgment in favor of the Tennants and against the Shives for $10.50.

Except as hereinbefore modified, the judgment of the trial court is affirmed and the costs are taxed against the appellants.