## A. HENLEY v. GEORGE W. WHEATLEY *et al.*

### No. 13,407. (74 Pac. 1125.)

#### SYLLABUS BY THE COURT.

CHATTEL MORTGAGE—*Petition against Wife on Debt Evidenced by Mortgage Only Held Sufficient.* A petition to recover a personal judgment against a wife upon stipulations in a chattel mortgage given by her husband and herself to secure the payment of his note, to which she was not a party, that "these presents are upon this express condition, that if said parties of the first part shall pay or cause to be paid unto the said party of the second part . . . the aforesaid sum of six thousand (6000) dollars, according to the terms of one certain promissory note . . . which note the said party of the first part hereby agrees to pay," and also that "if from any cause said property shall fail to satisfy said debt and interest aforesaid said party of the first part hereby agrees to pay the deficiency," states a cause of action against the wife, notwithstanding the absence from the petition of a statement that it was the contract or intention of the wife, or the expectation of the mortgagee, that she should become personally liable for the payment of the debt by signing the mortgage.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed January 9, 1904. Reversed.

*Bishop & Mitchell,* for plaintiff in error.

*Finch & Wheatley,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff commenced this action to recover a judgment against George W. Wheatley and Pearl M. Wheatley upon the recitals in a chattel mortgage. The defendants filed separate demurrers to the petition, which were sustained and judgment rendered thereon against the plaintiff for costs. To reverse this judgment proceedings in error are prosecuted.

The material and substantial allegations of the petition, briefly stated, are that in March or April, 1899, George W. Wheatley became indebted to the plaintiff in the sum of $6000, and on the 1st day of March, 1900, to evidence such indebtedness, he executed his note, à copy of which was attached to the petition; that plaintiff was still the owner of the note and that it had not been paid; that, as a part of the same transaction and to secure the payment of the note, George W. Wheatley and Pearl M. Wheatley executed and delivered to plaintiff their chattel mortgage on certain property therein described. A copy of the mortgage was attached to the petition. That part of it which is material here was as follows:

1. "Provided always, and these presents are upon this express condition, that if said parties of the first part shall pay or cause to be paid unto the said party of the second part, or to his executors, administrators or assigns, the aforesaid sum of six thousand (6000) dollars, according to the terms of one certain promissory note and payable at the Citizens' Bank, of Galena, Kan., said note bearing date March 1, 1900, with interest at the rate of six per cent. per annum from date of March 1, 1900, and which note the said party of the first part hereby agrees to pay, then these presents and everything herein contained shall be void, anything herein contained to the contrary, notwithstanding.

"And it is hereby mutually covenanted and agreed between the parties hereto that if default be made in the payment of said sum of money or any part thereof, or interest thereon according to the tenor and effect of said note when the same becomes due and payable, or upon failure to conform to, or comply with, any of the conditions or agreements herein mentioned, then the whole sum of money hereby secured shall, at the option of the legal holder or holders thereof, become due and payable at once without notice. And it is

further agreed that in case of sale or disposal, or attempt to sell or dispose of the goods and chattels hereby mortgaged, or removal of, or attempt to remove, the same from the county aforesaid, or an unreasonable depreciation in value, or if from any cause the security shall become inadequate, or the party of the second part shall deem himself insecure, then and thenceforth it shall be lawful for the said party of the second part, his executors, administrators or his assigns or his authorized agent, to enter upon the premises of the said party of the first part, or any other place or places wherein said goods and chattels aforesaid may be, to remove and dispose of the same and all the equity of redemption of the said party of the first part, at public auction or private sale, to the person or persons who shall offer the highest price for same, and out of the avails thereof to retain the full amount of said obligation with interest thereon, according to the conditions thereof, together with all reasonable cost and expenses attending the same, rendering to said party of the first part or his legal representatives, the surplus money (if any there shall be), anything herein to the contrary notwithstanding.    And until default be made as aforesaid, or until such time as the said party of the second part shall deem himself insecure as aforesaid, the said party of the first part to continue in peaceable possession of all the said goods and chattels, all of which, in consideration thereof, he engages shall be kept in as good condition as the same now is, and taken care of at his expense.

2.    "And if from any cause said property shall fail to satisfy said debt and interest aforesaid said party of the first part hereby agrees to pay the deficiency."

The specific provisions of the mortgage relied upon for a personal judgment against defendants we have marked "1" and "2."

The mortgaged property was sold and the proceeds applied so far as it would go to the payment of the note.

It was not the intention of the pleader to state a cause of action against George W. Wheatley on the note. Whatever facts are stated in the petition concerning the note are only incidental to stating a cause of action upon the mortgage. Plaintiff contends that one holding a note secured by a mortgage containing a stipulation to pay the debt may bring his action and recover upon the promise in the mortgage independent of the note. To this we do not agree. A petition could not be drawn that would state a cause of action against George W. Wheatley for the debt upon the mortgage. His original promise to pay is in the note and not in the mortgage, and a personal judgment could not be obtained against him for the debt in an action not founded upon the note. The amount he shall pay, the rate of interest and when the debt shall mature are all contained in and controlled by the note. As to George W. Wheatley, the mortgage was but for a defeasible conveyance of his property to secure the performance of his promise as and at the time specified in the note. In this state a separate action cannot be maintained against the maker of a note upon the promise to pay contained in a mortgage which accompanies it. (*Swenson v. Plow Company*, 14 Kan. 387 ; *Burhans v. Hutcheson*, 25 id. 625, 37 Am. Rep. 274 ; *Lewis v. Kirk*, 28 id. 497, 42 Am. Rep. 173 ; *Berry v. Berry*, 57 id. 691, 47 Pac. 837, 57 Am. St. Rep. 351.) An examination of the petition, however, convinces us that incidentally to stating a cause of action against George W. Wheatley on the mortgage a good cause of action is stated against him on the note, and we suppose the plaintiff is entitled to the benefit of such facts, notwithstanding he pleaded and relied upon them for another purpose. The petition being suffi-

cient as to George W. Wheatley on the note, the demurrer as to him should have been overruled.

A different question arises as to the liability of Pearl M. Wheatley upon the mortgage. As to her there is no promissory note ; her promise is in the mortgage. If she can be held at all for the debt, it is because of the binding force of the conditions in the mortgage and the purpose for which it was given. The provision of the mortgage marked ''1'' contains a definite and specific promise by both the mortgagors to pay the note described in the mortgage at its maturity, and the provision marked ''2'' is a promise to pay the debt in case the mortgaged property shall, when sold, bring an amount insufficient for that purpose. The petition alleges that this property was sold and the proceeds thereof were insufficient to pay the debt. Thereupon the personal liability of Pearl M. Wheatley to pay the debt became fixed.

It is not necessary that the obligation of a surety be written upon the same piece of paper with that of the original promisor. It is just as effective and obligatory when written upon a separate sheet. The vital question in actions arising out of such transactions is; Was it the intention of the party to be bound as surety? It is alleged in the present case that the execution of the note and mortgage was one contemporaneous act. The promises in the mortgage that the parties thereto would pay the note at maturity or would pay it in case the proceeds of the mortgaged property, when sold, should prove insufficient, are alleged in the petition to be parts of one transaction, and are specific enough to make a *prima facie* case against Pearl M. Wheatley and sufficient to withstand an attack by demurrer. For these reasons the

court erred in sustaining the demurrer of Pearl M. Wheatley to the petition.

The cause is therefore remanded, with instructions to set aside the judgment and overrule both demurrers.

JOHNSTON, C. J., SMITH, CUNNINGHAM, BURCH, MASON, ATKINSON, JJ., concurring.

GREENE, J. (dissenting) : I do not agree with the reasoning of the court or the law announced as to Pearl M. Wheatley. The petition as to her is lacking in at least one very essential averment—it does not state that the mortgage was given as an original promise by Pearl M. Wheatley, but does state that it was given as security for the debt of George W. Wheatley.

The provisions of the mortgage marked "1," relied upon by the plaintiff, and from which this court has inferred the liability of Pearl M. Wheatley, are only the ordinary defeasance provisions found in all mortgages, the intention and effect of which is that if the debt shall be paid the mortgage shall become void. There are no allegations in the petition that Pearl M. Wheatley agreed to be bound, or that it was her intention, or the expectation of the plaintiff, that by signing the mortgage she would be personally liable for the debt of her husband. She did not obligate herself in the usual way by signing the note, notwithstanding it is alleged that the making of the note and mortgage was one transaction. Apparently, and so far as the allegations of the petition go, Pearl M. Wheatley signed the mortgage for the one purpose for which wives usually sign mortgages with their husbands—to relinquish any interest they may have in their husband's property.

If it was the agreement or intention of the parties that she should become personally liable for the debt by signing the mortgage, the petition should contain an allegation of such fact.   How can an action be maintained on a contract to recover a debt upon a petition which does not allege that the party against whom it is sought to recover agreed to pay?   In the absence of such allegation, to hold that the petition states a cause of action against her is mere speculation.   This court has inferred from the provisions of the mortgage alone that such was the intention of the parties, and thus supplied by inference a material fact not alleged in the petition.   In the absence of an allegation in the petition that the mortgage was signed by Pearl M. Wheatley for the purpose of obligating her personally to pay the debt of her husband, the demurrer was properly sustained as to her.