ARCHY BROWN V. A. P. AKESON *et ux.*

No. 14,704.   (86 Pac. 299.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Dormancy—Limitation of Actions.* No action can be maintained upon a judgment which has been permitted to remain dormant for more than one year. The case of *Smalley v. Bowling,* 64 Kan. 818, 68 Pac. 630, followed.

2. CONTRACTS—*Consideration—Moral Obligation.* The moral obligation of the debtor to pay such a judgment is a sufficient consideration to support a new promise on his part to do so.

3. CHATTEL MORTGAGES—*Consideration—Dormant Judgment.* A chattel mortgage pledging personal property to the payment of an indebtedness which it declares to be owing from the mortgagor to the mortgagee is an enforceable contract, notwithstanding it describes such indebtedness as consisting of a judgment which in fact has lost its vitality by remaining dormant for more than one year.

4. ―――― *Personal Obligation Assumed by Mortgagor.* A promise of the mortgagor made in such an instrument that if the property fails to satisfy the debt he will pay the deficiency is such an assumption of a personal obligation on his part as will support an action against him for the amount of such deficiency.

5. ―――― *Evidence.* In such an action the judgment may be looked to for the purpose of ascertaining the amount of the indebtedness so assumed.

Error from McPherson district court; W. H. LEWIS, judge. Opinion filed July 6, 1906. Reversed.

*Frank O. Johnson,* for plaintiff in error.

*John D. Milliken,* and *Grattan & Grattan,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: On January 5, 1889, Archy Brown recovered against A. P. Akeson and Hilda C. Akeson a money judgment, the last execution on which was issued May 18, 1892. On May 25, 1898, the Akesons

executed to Brown a chattel mortgage, the material portions of which read as follow:

"Know all Men by these Presents: That Hilda C. Akeson, A. P. Akeson and wife, of McPherson county, state of Kansas, of the first part, is indebted to Archy Brown, of the second part, in the sum of four hundred and 30/100 dollars, to be paid as follows: One certain judgment, dated January 5, 1889, in favor of said Archy Brown against said first parties, said judgment to be and remain in full force and effect, with twelve per cent. interest from date of judgment.

"Now, therefore, in consideration of such indebtedness, and to secure the payment of the same, as aforesaid, said party of the first part does hereby sell, assign, transfer and set over to said party of the second part the property described in the following schedule, viz.: . . . And if from any cause said property shall fail to satisfy said debt, interest and costs aforesaid, said parties of the first part hereby agree to pay the deficiency."

On May 15, 1903, Brown sued the Akesons, setting out the facts above stated, and adding, with other averments which do not require mention, that nothing had been realized from the mortgage and that the defendants were still indebted to the plaintiff. An answer and a reply were filed. When the case was called for trial the plaintiff made a statement of his case substantially in accordance with his pleadings. The defendants moved for judgment. The motion was allowed, and the plaintiff prosecutes error.

Two questions are presented: Did the fact that no execution had been issued for five years, and that an additional year then passed without revivor proceedings being had, preclude the plaintiff from maintaining an action upon the judgment? And, if so, can he maintain an action upon the promise contained in the mortgage that the mortgagors would pay any deficiency if the property should fail to satisfy the indebtedness therein referred to?

The first question must be answered in the affirmative unless *Smalley v. Bowling,* 64 Kan. 818, 68 Pac.

630, and decisions there followed, are to be overruled. The plaintiff in error recognizes this, but invites a reconsideration of the doctrine of that case and an acceptance of the views expressed in the dissenting opinion filed therein. The matter is one of statutory interpretation. If practical evils flow from the construction heretofore adopted they can be corrected by legislation. It is not desirable to treat the subject as still open. The prior decisions are approved.

In considering the second question it is to be noted that at the time the mortgage was made the judgment had been dormant for more than one year. If while the judgment had been in full force the defendants had given a mortgage to secure it, and the judgment had afterward been permitted to die, it might well be argued that the mortgage, being only an incident to the judgment, had died with it. But in fact the mortgage was executed to secure the payment of a judgment which was already dead—that is, one which was absolutely unenforceable by any method except through the consent of the defendants. The giving of the mortgage did not revive the judgment. That result could only be accomplished by an order of the court made in conformity to the requirements of the statute. But the mortgage itself was a valid contract. It was open to but one objection, namely, that it was given to secure the payment of a sum of money by the mortgagors for which they could not otherwise be held; that is to say, it was a contract the only consideration of which was founded upon an obligation not legally enforceable. But although the judgment had completely lost its vitality it had never been paid, and the defendants owed a moral duty to the plaintiff to pay him its amount. This moral duty was based upon an antecedent legal obligation which had been extinguished but never performed, and therefore was a sufficient consideration to support a new promise. (6 A. & E. Encycl. of L. 680; 9 Cyc. 362, par. *h.*) The agreement incorporated in the mortgage that if the property failed

to satisfy the debt the mortgagors would pay the deficiency was an express assumption of personal liability. It was supported by a valid consideration, and was capable of enforcement by action. (*Henley v. Wheatley*, 68 Kan. 271, 74 Pac. 1125.)

It is true that the plaintiff claimed that the judgment was still in force and that he attempted to use it as the basis of his action, but his petition stated all the facts necessary to entitle him to recover upon the terms of the chattel mortgage. His misconception of the status of the judgment did not affect his right to rely upon the subsequent promise to pay. The allegations regarding the judgment are not even surplusage. They are proper by way of inducement, as leading up to the making of the mortgage. Moreover the judgment, although lifeless and unenforceable, is not without a function to perform. It may be looked to for the purpose of ascertaining the precise amount of indebtedness which the mortgagors assumed and agreed to pay.

The judgment of the district court is reversed, and the cause remanded with directions to deny the motion for judgment for the defendants on the pleadings.

All the Justices concurring.