No. 30,300.

The Kansas Wheat Growers Association, *Appellee,* v. Fred C. Windhorst, *Appellant.*

(8 P. 2d 392.)

Opinion filed March 5, 1932.

*A. L. Moffat,* of Kinsley, for the appellant.

*George W. Cox, Lawrence Weigand,* both of Wichita, and *W. E. Broadie,* of Kinsley, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This appeal is by the defendant from a judgment rendered by the trial court pursuant to a supplemental order of this court after a second rehearing covering two propositions omitted from the original order, one at the instance of each of the parties litigant. The appellant claims he was entitled to a jury trial in the making of the deductions which he requested and for which purpose the supplemental order had been made. The plaintiff sued to recover from defendant twenty-five cents per bushel for all the wheat he failed to deliver as per his contract. The defense was first, a general denial, and second, bad faith and fraud. The reply pleaded waiver, estoppel and ratification. The verdict was for defendant, and special questions were answered finding the number of bushels harvested but not delivered each year with some deductions

for seed wheat, and also findings in favor of defendant and against plaintiff on other propositions, mostly fraud. Judgment was rendered thereon in favor of defendant, and on appeal the judgment was affirmed, as reported in *Kansas Wheat Growers Ass'n v. Windhorst*, 129 Kan. 528, 283 Pac. 638.

A rehearing was allowed on two propositions only: estoppel of defendant, and the defense of not having the requisite number of bushels subscribed for organization. On the rehearing the judgment was reversed on the question of estoppel and the trial court was directed to render judgment for plaintiff upon the answers of the jury to the special questions, notwithstanding the general verdict. (*Kansas Wheat Growers Ass'n v. Windhorst*, 131 Kan. 423, 292 Pac. 777.) Before this order had been complied with a further rehearing was requested by the defendant for the reason that the answers of the jury to the special questions did not correctly allow all the deductions for seed wheat and feed, as was shown by the evidence, and defendant requested that he be allowed such deductions as were shown by the evidence to be proper. The plaintiff likewise asked for the allowance of an attorney fee based on the evidence already introduced. Both these requests were allowed in an opinion on second rehearing, in the following language:

"It is therefore ordered, as supplemental to the order given in connection with the order remanding the cause on the rehearing, that the trial court render a further judgment for plaintiff for an attorney fee in an amount that will to the court appear to be reasonable under the evidence that has already been introduced, and that the trial court in rendering judgment on the answers to the questions as to number of bushels of wheat raised by defendant for the different years involved, take into consideration and allow such deductions for feed and seed as are shown by the evidence now of record to be proper." (*Kansas Wheat Growers Ass'n v. Windhorst*, 132 Kan. 21, 22, 294 Pac. 928.)

The trial court in obedience to this mandate examined the evidence already introduced and set aside the findings of the jury in this regard and made findings instead, making allowance for the wheat sold for seed and feed and finding the bushels sold to other parties, other than for seed or feed.

We see no merit in the demand of the defendant for a jury to make the proper deductions to which the defendant was entitled in correcting the finding of the jury at his request. He urges there is a conflict in some of the testimony which entitles him to a determination of such conflict before a jury. The jury had already deter-

mined the matter of the number of bushels so sold, but apparently certain deductions had not been made by the jury and the trial court was instructed to make the proper deductions as shown by the testimony already introduced. The rule announced in the case of *Wheat Growers Ass'n v. Goering*, 123 Kan. 508, 256 Pac. 119, and other cases cited with reference to the right to a trial by jury, has no application where a correction is requested on account of an apparent error of the jury in omitting from its answers certain items. Many cases show the approval of correction of interest allowed or omitted. But the following cases show the allowance of corrections of verdicts in other particulars where, as in this case, it is evident the jury had omitted something intended to be deducted.

"When the amount of a verdict is manifestly too small, and the deficiency can be ascertained and supplied by mathematical calculation, as by adding the agreed rate of interest on a promissory note, it is not error, as against the party in whose favor the verdict was returned, to refuse a new trial because of the jury's mistake, and for the court itself to correct it by rendering judgment for the proper amount in addition to the verdict." (*Marsh v. Kendall*, 65 Kan. 48, syl., 68 Pac. 1070.)

In the case of *Girardey v. Girardey*, 99 Kan. 679, 163 Pac. 165, the jury was instructed to allow a credit of $2,000 upon certain conditions, and they found those conditions but did not make the deduction, and this court approved the action of the trial court in reducing the judgment by that amount.

"It is competent for the trial court to correct a manifest error in the findings and verdict of the jury as to the amount of damages sustained by the injured parties.

"As one item of credit was not allowed by the jury to the defendants, a modification of the judgment to that extent is directed." (*Schlesener v. Mott*, 107 Kan. 41, syl. ¶¶ 3, 5, 190 Pac. 745.)

Appellant further urges that aside from the question of estoppel and fraud alleged by the defendant the answers of the jury to the special questions show that the plaintiff entirely failed to establish its right to recover on the contract of the defendant. There is no way of determining as to whether the answers were based on evidence in defense under the general denial or fraud and bad faith. It was said in the opinion in the first case at the very outset that—

"There was no controversy in the testimony as to the failure of the defendant to deliver his wheat to the association for three successive years covered by the contract, so that if the contract is effective and binding the plain-

tiff would be entitled to recover the prescribed penalty." (*Kansas Wheat Growers Ass'n v. Windhorst*, 129 Kan. 528, 530, 283 Pac. 638.)

The defense of fraud and bad faith entered into the matter of the signing of the statement of the number of bushels subscribed as much as into the alterations of the contracts. The elimination of the special defenses of fraud and bad faith because the defendant was estopped, being a member of the committee he charged with acting fraudulently, makes this case entirely different from that of *Kansas Wheat Growers Ass'n v. Bridges*, 133 Kan. 397, 1 P. 2d 265, cited by appellant.

It is further claimed that it was error to allow plaintiff an attorney fee for the reason that it, as an item of damage, was not alleged in the petition as a cause of action. It was not, strictly speaking, an item of damage; it was part and portion of the agreement between plaintiff and defendant—a contractual obligation. It was specifically mentioned in section 18 of the marketing agreement attached to the petition and made a part thereof, and the prayer of the petition included the allowance under the contract of a reasonable attorney's fee. This was equivalent to a specific allegation in the petition as far as the liability of the defendant was concerned and notice to him of the plaintiff's claim.

"Where a pleading alleges that a party executed an instrument, and sets out the instrument in full, it is equivalent to alleging that he made all the covenants and promises contained in such instrument, and assumed all the liabilities created thereby." (*Budd v. Kramer*, 14 Kan. 101, syl. ¶ 3. See, also, *State v. School District*, 34 Kan. 237, 8 Pac. 208; *Walburn v. Chenault*, 43 Kan. 352, 23 Pac. 657; and *Henley v. Wheatley*, 68 Kan. 271, 74 Pac. 1125.)

We find no error in the rulings and judgment of the trial court or in the overruling of the motion for a new trial.

The judgment is affirmed.