RICHARD S. GURLAND *v.* FRANK D'ADAMO ET AL.

RICHARD S. GURLAND *v.* MITCH FARNHAM

| SUPERIOR COURT | JUDICIAL DISTRICT OF | FILE NOS. 236966 |
| | NEW HAVEN | 249959 |

Memorandum filed February 9, 1990

*Anthony G. Apicella,* for the plaintiff.

*Delsole & Delsole,* for the named defendant in the first case and for the defendant in the second case.

*Fazzone, Nuzzo & Baillie,* for the defendants CON-NEQ Real Estate Corporation and Gerald F. Kagan in the first case.

BERDON, J. The defendants Frank D'Adamo and Mitch Farnham (defendant painting contractors) and the defendants CONNEQ Real Estate Corporation and Gerald F. Kagan (defendant owners) move for a remittitur and for failure to accept the remittitur, and further move to set aside the verdict in the amount of $50,000 awarded in this consolidated negligence action by the plaintiff, Richard S. Gurland.

After several days of deliberation, the jury rendered a verdict in favor of the plaintiff against all the defendants for the initial sum of $20,000 damages "plus court costs and legal fees." The court refused to accept the verdict, instructed the jury that attorney's fees were not an element of damages that the jury could consider, furnished them another plaintiff's verdict form, and instructed them to reconsider their verdict. Within fif-

teen minutes, the jury returned with a verdict of $50,000 in favor of the plaintiff against all the defendants. The court ordered the clerk to accept and to record the verdict of $50,000.

The court had returned the jury for reconsideration of their verdict under General Statutes § 52-223 which provides: "Jury may be three times returned to consider verdict. The court may, if it judges the jury has mistaken the evidence in the action and has brought in a verdict contrary to the evidence, or has brought in a verdict contrary to the direction of the court in a matter of law, return them to a second consideration, and for the same reason may return them to a third consideration. The jury shall not be returned for further consideration after a third consideration." Practice Book § 311 contains substantially the same language.

The jury's initial verdict of $20,000 plus attorney's fees, patently disregarded the court's instructions by adding an element of damages upon which they were not instructed. Under such circumstances, the court could not accept that verdict and was obligated to return the jury for a reconsideration of their verdict under § 52-223. *Hubert* v. *New York, N.H. & H. R. Co.,* 90 Conn. 261, 276, 96 A. 967 (1916).

When returning the jury to reconsider their verdict, it is proper for the court to inform them of the reason why they are being returned. *Ryan* v. *Scanlon,* 117 Conn. 428, 436, 168 A. 17 (1933). It is, however, improper for the court to direct them to change the amount of their verdict. "[W]hether they should change the amount or adhere to the verdict as rendered was a question solely for their determination." *Cruz* v. *Drezek,* 175 Conn. 230, 242, 397 A.2d 1335 (1978).

Since there is no verdict until it is accepted; *State* v. *Searles,* 113 Conn. 247, 256, 155 A. 213 (1931); the

jurors, when reconsidering the verdict, were free to change their minds. For example, in *Towhill* v. *Kane,* 147 Conn. 191, 158 A.2d 251 (1960), the court requested the jury to reconsider its verdict against the defendant in favor of the plaintiff operator and two plaintiff passengers because the amount was "excessively liberal." The jurors returned with identical verdicts in favor of the plaintiff passengers but changed their minds regarding the plaintiff operator and returned a verdict against him. The court held that there was no "merit in the claim that the jury, upon reconsideration, were powerless to change their verdicts on the issue of liability." Id., 194. It follows that the jury has the power, upon reconsideration, to change the amount of the verdict as it did in the present case.

The defendants argue that the jury, upon being informed that attorney's fees were not an element of damages, merely added this amount to the verdict. For the court to assume this would be pure speculation. "It must be presumed that the jury carried out the instructions of the court." *Spiess* v. *Traversa,* 172 Conn. 525, 528, 375 A.2d 1007 (1977). The defendants neither objected to the court's returning the jury for a reconsideration, nor excepted to the court's instructions on the return. The defendants have also failed to claim that the award is excessive in regard to the injuries the plaintiff suffered as a result of the incident. The verdict of $50,000 must stand.

The defendant owners also seek to set aside the verdict against them and seek a directed verdict on the grounds that since the negligent act that caused the plaintiff's injuries was committed by independent contractors, they could not be liable. The jury could reasonably have found that, pursuant to their contract, the defendant painting contractors were spray painting the exterior of the defendant owners' commercial building, which was adjacent to a heavily traveled public

sidewalk. The jury could also reasonably have found that the painters were employed as independent contractors, that they had no covering to protect the public and that the paint sprayer negligently turned around from the building while operating the spray gun and sprayed paint in the plaintiff's eye, injuring him.

Generally, an employer is not liable for the torts of an independent contractor. *Spring* v. *Constantino,* 168 Conn. 563, 572, 362 A.2d 871 (1975). The plaintiff, however, relies upon an exception set forth in § 427 of the Second Restatement of the Law of Torts. Section 427 provides: "Negligence as to Danger Inherent in the Work. One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."

The defendant owners argue that they are not liable under § 427 because the defendant painting contractors' negligence was not inherent in or normal to the work of spray painting; that is, the negligence of the painting contractors was collateral. It is clear that § 427 "applies only where the harm results from the negligence of the contractor in failing to take precautions against the danger involved in the work itself, which the employer should contemplate at the time of his contract. It has no application where the negligence of the contractor creates a new risk, not inherent in the work itself or in the ordinary or prescribed way of doing it, and not reasonably to be contemplated by the employer." 2 Restatement (Second), Torts § 427, comment (d).

Under the circumstances of the present case, where painting contractors were employed to spray paint a commercial building adjacent to a public walk carrying substantial pedestrian traffic, the jury could reasonably conclude that the accident of spraying paint in the eye of a pedestrian was inherent in the work. Indeed, two of the comparative illustrations furnished in the Restatement under comment (d) of § 427 clearly point this out: "1. A employs B, an independent contractor, to paint the wall of his building above the public sidewalk. In the course of the work a workman employed by B drops his paint bucket, which falls upon C, a pedestrian, and injures him. The danger is inherent in the work, and A is subject to liability to C. 2. A employs B, an independent contractor, to paint the wall of his building above the public sidewalk. B erects his scaffolding at a level so low that C, a pedestrian walking along the sidewalk in the dark, runs his head against the corner of the scaffold and is injured. This is collateral negligence, and A is not liable to C."

In sum, the defendants' motions for a remittitur and to set aside the verdict are denied. The defendant owners' motion to set aside the verdict and for a directed verdict is also denied. Judgment in the total amount of $50,000 plus taxable costs is rendered on the verdicts in favor of the plaintiff against the defendant painting contractors and the defendant owners.