[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, an employee of the Stamford Marriott Hotel, claims to have sustained personal injuries when a hotel elevator stopped abruptly due to striking scaffolding in the hoistway. The scaffolding in question was being utilized to wash the exterior windows of the hotel and the plaintiff has sued various parties including the Ever-Ready Maintenance Corp. ("Ever-Ready") which had an agreement with the hotel to perform maintenance work. The exterior windows at the hotel needed to be washed and Ever-Ready did not own the necessary scaffolding equipment nor was it involved in the scaffolding business. Accordingly, Ever-Ready made an oral agreement with Maintenance Incorporated ("Maintenance") to perform the required work because of the expertise of Maintenance in that particular field. Maintenance, in turn, entered into a verbal subcontract agreement with Arthur Savage Residential Cleaning CT Page 6721 ("Savage") whereby Savage performed the washing services. Scaffolding was left in a position so that the elevator, while in operation, struck the scaffolding thereby causing the injuries claimed by the plaintiff.
Ever-Ready has moved for a Summary Judgment, with supporting documentation, asserting that it employed an independent contractor to perform the services and, accordingly, is not liable to the plaintiff under the rules of such cases as Douglas v. Peck Lines Co., 89 Conn. 622, 627 (1915). The plaintiff does not contest the independent contractor's status nor does she contest the operation of the General Rule of non-liability for the employer of an independent contractor. The plaintiff does, however, assert the case comes within exceptions to the rule because the work involved intrinsically dangerous activity and because Ever-Ready was negligent in hiring the independent contractor.
One who hires an independent contractor may be held liable where the work to be performed is inherently dangerous, that is, when it is of such a character, that even if it is duly performed, it would obviously and naturally, even though not necessarily, expose others to injury. See, Bonczkiewicz v. Merberg Wrecking Corp., 148 Conn. 573, 579 (1961); Ray v. Schneider, 16 Conn. App. 660,664 (1988). "This exception is not based on the theory of negligent performance by the independent contractor, but upon the principle that the employer or owner has caused something to be done which he knows, or ought to know will cause, or will probably cause the injury which ensues. Jacob v. Mosler Safco, Inc.,127 Conn. 186-187 (1940). Situations in which there are exceptions to the General Rule of non-liability of the employer of an independent contractor for the acts of that contractor have been said to be rare. Pacella Brothers, Inc. v. Metropolitan District,259 F. Sup. 715 (D.C. Conn. 1966). The injuries claimed in the present case did not arise out of activities which would naturally and probably expose someone in the position of the plaintiff to injury but rather arose from the improper performance of the window washing activity. See, Millstone Corporation v. Laurel Oil Co.,131 Conn. 636, 639-40 (1945). Accordingly, the court holds activity described in the documents submitted by the parties does not constitute intrinsically or inherently dangerous activity within the meaning of our rule and the accident was inherent in the work. See, D'Adamo, 41 Conn. Sup. 407, 411 (1990).
Plaintiff also claims that Ever-Ready was negligent in the hiring of the subcontractor, Savage. However, there is no claim that Ever-Ready hired Savage and the material submitted to court by the respective parties indicates that Maintenance was hired by Ever-Ready because Ever-Ready did not have equipment or sufficient expertise to perform the work and specifically because Maintenance did have such expertise. The primary thrust of plaintiff's CT Page 6722 position with respect to her claim that Ever-Ready was negligent in the selection of the subcontractor relates to the awareness of Ever-Ready that Savage was performing the work. The plaintiff points to deposition testimony that Ever-Ready had reservations about Savage performing the work because it wanted the party it hired to actually perform the work. The deposition testimony also indicates that a representative of Ever-Ready contacted a representative of Maintenance and was informed that Maintenance was busy with something else and had given the job to Savage. Representatives of Ever-Ready testified that the answer received from Maintenance was "a good enough answer for me." In view of the fact that the Maintenance had expertise in the area and Ever-Ready did not, testimony does not establish negligent behavior on behalf of Ever-Ready in retaining a subcontractor to perform the work.
However, an employer of an independent contractor may also be liable if the employer knows of the negligence of the independent contractor and fails to take steps to remedy the deficiency. See, Swearsky v. Stanley Dry Goods Co. Inc., 122 Conn. 7, 11 (1936). In order to satisfy its burden, the moving defendant must demonstrate that it is quite clear what the truth is and to exclude any real doubt as to the existence of any genuine issue of material fact. Dougherty v. Graham, 161 Conn. 248, 250 (1971). The placing of scaffolding in an elevator hoistway might be considered an apparent deficiency and Ever-Ready has failed to exclude any real doubt as to the knowledge, if any, of Ever-Ready with respect to the condition causing injury to the plaintiff.
Accordingly, the Motion for Summary Judgment is denied.
RUSH, J.