(875 P.2d 1002)
No. 68,737

DAVID STOWERS, *Appellant*, v. JAMES E. RIMEL, *Appellee*.

Opinion filed June 17, 1994.

*Michael L. Hodges*, of Mission, for the appellant.

*Dana M. Harris* and *Tina A. Smith*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for the appellee.

Before BRISCOE, C.J., LEWIS, J., and NELSON E. TOBUREN, District Judge, assigned.

LEWIS, J.: In early 1990, a vehicle being operated by plaintiff was struck by a vehicle being operated by defendant. In due

time, plaintiff filed suit to recover damages for the injuries he sustained in that accident. Defendant admitted liability, and the matter went to trial, before a jury, on the issue of damages. The jury returned a verdict in favor of plaintiff in the amount of $4,221 for economic loss, $250 for pain and suffering, and $250 for mental anguish. Plaintiff is dissatisfied with the verdict and appeals.

The facts surrounding the accident are well known to the parties and are basically irrelevant to the issues on appeal. Therefore, those facts will not be recited. This appeal involves the granting of a motion in limine in favor of defendant and the manner in which the trial court dealt with an inconsistent or erroneous verdict by the jury. The facts relating to those two issues will be developed as this opinion progresses.

## THE TESTIMONY OF DR. LEWIS

At some point during the controversy, plaintiff was asked by defendant to see Dr. Revis Lewis. The referral was accomplished through the efforts of Intracorp, which was associated with State Farm Insurance Company, defendant's liability carrier. The referral did not have the expected result, at least insofar as the insurance carrier is concerned. Apparently, the opinion of and treatment by Dr. Lewis were satisfactory to plaintiff. Plaintiff continued to see Dr. Lewis, and the doctor became the treating physician and plaintiff's principal medical witness. Plaintiff wanted to be able to tell the jury that he had initially seen Dr. Lewis at the request of defendant. Defendant was not eager to have the jury learn this information. Defendant filed a motion in limine, seeking to bar any reference during trial to the fact that plaintiff had originally been referred to Dr. Lewis by defendant. The trial court granted the motion and excluded the evidence. Plaintiff was unable to advise the jury that he had been referred to Dr. Lewis by defendant. Plaintiff argues this exclusion of evidence was reversible error.

The trial court excluded the evidence on the grounds that its admission carried too great a risk of injecting the fact of liability insurance into the lawsuit.

K.S.A. 60-454 states: "Evidence that a person was, at the time a harm was suffered by another, insured wholly or partially against

loss arising from liability for that harm is inadmissible as tending to prove negligence or other wrongdoing."

The very mention of the word "insurance" has long been banned in our courtrooms during trial. "[O]ur statute, K.S.A. 60-454, forbids the use of such an inflammatory word as 'insurance' during trial of a damage action, and our cases have upheld the hypothesis that mention of the odious term may not be breathed, lest prejudice arise." *Schmidt v. Farmers Elevator Mutual Ins. Co.*, 208 Kan. 308, 315, 491 P.2d 947 (1971). "[K]nowledge of the presence or absence of liability insurance may very will induce juries to decide cases on improper grounds." *Ayers v. Christiansen*, 222 Kan. 225, 228, 564 P.2d 458 (1977).

It appears to us that the concern of the trial court was well placed. There is a very real risk that a jury will make certain assumptions about one party having referred the other to a physician for examination. One of these assumptions might well be the presence of liability insurance. In fact, it was defendant's liability carrier who made the referral in the matter under consideration. If there was any probative value in knowing who referred plaintiff to Dr. Lewis, it was far outweighed by the potential prejudice that that evidence might introduce. Under the circumstances, the trial court did not abuse its discretion in excluding the evidence. See *Herbstreith v. de Bakker*, 249 Kan. 67, Syl. ¶ 10, 815 P.2d 102 (1991).

Plaintiff also complains that, during his opening statement and in his closing arguments, defendant's counsel referred to Dr. Lewis as a "treating physician." Plaintiff contends that these comments unfairly attempted to paint the doctor as a "treating doctor" who believed everything plaintiff told him. As near as we can tell from examining the record and the testimony of Dr. Lewis, the comments by defense counsel were accurate restatements of the testimony of Dr. Lewis. Further, we note that plaintiff did not object to the statements at the time they were uttered in the trial court. The failure to make a contemporaneous objection is fatal to this issue on appeal. In order to preserve an issue of this nature for appeal, a party must make "timely, specific objections" to the complained-of remarks at the time they are made. *State v. Bird*, 238 Kan. 160, 172, 708 P.2d 946 (1985).

We find no error in the exclusion of this evidence by the trial court. The attempt by plaintiff to introduce the evidence in question was simply an effort to shore up the credibility of his witness by proof of factors that have no bearing on credibility. The fact that it was defendant who referred plaintiff to Dr. Lewis does not make him a better doctor, a better witness, or a more believable expert. This was an effort to artificially pump up the credibility of a witness by showing the jury that defendant made a mistake in selecting him to examine plaintiff. We see no merit in this approach to witness credibility. It seems to us to be irrelevant as to how a plaintiff came to see a particular physician or who referred him to that physician. Barring extraneous evidence showing that the witness in question was inclined to favor either the defense or plaintiff, the sort of evidence under consideration is not admissible. We note there is no evidence in this record to indicate that Dr. Lewis, by reason of his past actions, could have been shown to have been predisposed to testify in favor of a plaintiff rather than a defendant.

In the final analysis, this question was addressed to the sound discretion of the trial court: "Rulings on admissibility of evidence fall within the sound discretion of the trial court. Thus, one attacking evidentiary rulings must show abuse of discretion. An abuse of discretion exists only when no reasonable person would take the view adopted by the trial court." *Enlow v. Sears, Roebuck & Co.*, 249 Kan. 732, Syl. ¶ 9, 822 P.2d 617 (1991).

We see nothing in this record to indicate that the trial court abused its discretion in excluding the testimony in question.

## THE JURY DECISION

Plaintiff next complains about the manner in which the jury's verdict was reached and received by the trial court.

The jury returned its original verdict with an award to plaintiff of $4,221 in damages for medical expenses to date. The award for noneconomic damages was $0. Counsel for defendant immediately approached the bench and pointed out to the court that the verdict rendered was either inconsistent or incomplete. The trial court and counsel discussed what action would be appropriate. The possibility of an additur was discussed, but the trial court ultimately decided to send the jury back for further

deliberations. It did so by giving the following statement to the jury:

"Ladies and gentlemen of the jury, the Court is going to send you out one more time to consider one additional matter. In view of your finding of medical expense of $4,221, the question is raised as to whether you feel, in view of these medical expenses, the plaintiff suffered any pain and suffering. There is at least a potential of inconsistency here in that regard. I'm going to instruct you that if you have found, or if you do find, that the plaintiff has sustained more than a minimal injury, then you must award some amount of pain and suffering. Otherwise, I think we have a potential of some inconsistencies in the verdict that you have reached in this case. I'm going to return the form to the foreman along with his set of instructions and ask you again to deliberate on that additional instruction.

. . . .

"For your reference, that is subsection (a) of your verdict form which is non-economic loss to date. That is where that additional figure would go in if you in fact do find that the plaintiff suffered more than a minimal injury in view of your medical expenses found."

The jury returned to the jury room to deliberate. It ultimately returned a verdict awarding plaintiff $500 in noneconomic damages—$250 for pain and suffering and $250 for mental anguish. Plaintiff argues that the trial court had only the option of an additur or new trial. Defendant is satisfied with the verdict and argues that the trial court was correct.

There is no doubt the original verdict returned by the jury was inconsistent with the trial court's instructions. "A jury award limited to medical expenses that includes nothing for pain and suffering shown by uncontradicted evidence disregards the jury instruction and is contrary to the evidence, and a new trial is required." *Miller v. Zep Mfg. Co.*, 249 Kan. 34, 47, 815 P.2d 506 (1991). In the case under review, the evidence is uncontradicted that plaintiff did experience pain and suffering. If the jury had not been sent back to consider this element of damage, the verdict would have been overturned, and the expense and time of a new trial would have been required. The procedure employed is far preferable to a costly new trial and was in the interest of judicial economy. We conclude that the trial court did not err.

Plaintiff argues there is no authority under Kansas law to order a jury to resume deliberations when the verdict is not adequate. In addition, plaintiff contends that the use of the term "minimal

injury" by the trial court somehow suggested to the jury that it should find plaintiff suffered only minimal injury. We disagree.

There is precedent in Kansas for the type of action taken by the trial court. In *Traders State Bank v. Wooster*, 159 Kan. 337, 154 P.2d 1017 (1945), a jury returned a verdict which was incomplete and inconsistent with its special findings. The trial court directed the jury to return to its deliberations and complete its job. In affirming that procedure, the Supreme Court said:

"The final error pressed on our attention pertains to the trial court's direction to the jury to return to their jury room and continue their deliberations on the issue raised between the bank and the appellants. Manifestly the jury had not completed its work, since its special findings Nos. 3 to 8, inclusive, necessitated a verdict of some sort to correspond therewith. . . . *The practice of sending a jury back to finish a task it has not completed or even to correct a manifest error in its verdict is not at all unusual.* (*Kansas Wheat Growers Ass'n v. Windhorst*, 134 Kan. 736, 8 P.2d 392; *Schwab v. Nordstrom*, 138 Kan. 497, 27 P.2d 242; *Farmer v. Central Mut. Ins. Co.*, 145 Kan. 951, 67 P.2d 511.)" (Emphasis added.) 159 Kan. at 346.

In *Fudge v. City of Kansas City*, 239 Kan. 369, 380-81, 720 P.2d 1093 (1986), our Supreme Court affirmed the trial court's direction to a jury to reconsider its award:

"Appellants next argue the jury's reconsideration of its verdict is reversible error. The first verdict form returned by the jury contained an award of $632,000.00 for loss of time or income between July 30, 1981, and August 20, 1981. This was an obvious mistake. Upon observing the error, the judge pointed it out to the jury and asked them to make sure the verdict reflected their intent. The jury retired for a few minutes and returned with a new verdict form which gave *no* compensation for the July 30-August 20 period. Under K.S.A. 1985 Supp. 60-248(g), the trial judge has discretion to have the jury correct its defective verdict. . . .

"The trial judge did not err in allowing the jury to reconsider its verdict."

Plaintiff cites *Dixon v. Prothro*, 251 Kan. 767, 840 P.2d 491 (1992), as being supportive of his position. We consider the reliance on *Dixon* to be misplaced. In that case, an additur was ordered and held to be improper by the Supreme Court. *Dixon* does not say, nor does it imply, that a jury may not be ordered to reconsider an inconsistent or incomplete verdict.

We hold that, under the facts shown, the trial court did not err in ordering the jury to resume deliberations. The failure of the jury to award damages for pain and suffering was inconsistent

with its award for damages for medical expense and with the evidence. Under these circumstances, the trial court could have ordered an additur or a new trial. The trial court also had a third option which it chose to exercise. It returned the jury to the jury room to resume its deliberations. Plaintiff argues that an additur would have been appropriate. This is possible; however, ordering an additur does invade the factfinding authority of the jury. The procedure employed preserved the right of the parties to have their dispute resolved by a jury. "Juries, and their position as factfinding bodies, have such an important place in our system and history that any attempt to curtail the right to a jury trial should be examined with the utmost care." *Dixon v. Prothro*, 251 Kan. at 774.

We fail to see any prejudice to the plaintiff by the procedure employed. It is apparent from the size of the original verdict and its limitation to medical expenses alone that the jury was not overwhelmed by the damages shown by plaintiff. The additional instructions given by the trial court did not overemphasize the fact that the jury should award only minimal damages. Those instructions did not unduly affect the verdict in this case.

There is no error in returning a jury to further deliberations when the original verdict is incomplete, defective, or inconsistent. Our decision is in accord not only with prior Kansas decisions, but with those of several sister states, including: *Gurland v. D'Adamo*, 41 Conn. Supp. 407, 579 A.2d 144 (1990); *Swift Loan and Finance Co., Inc. v. Duncan*, 195 Ga. App. 556, 394 S.E.2d 356 (1990); *Van Eaton v. Thon*, 764 S.W.2d 674 (Mo. App. 1988); *Johnson v. Phillips*, ___ S.C. ___, 433 S.E.2d 895 (Ct. App. 1993).

Affirmed.