No. 36,599

M. A. ROBINSON, *Appellee*, v. WALTER E. DAVIS, *Appellant*.

(174 P. 2d 111)

Opinion filed November 9, 1946.

*Ed T. Hackney,* of Wellington, argued the cause and was on the briefs for the appellant.

*W. J. King,* of Geuda Springs, was on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: In this case a tenant in a farm lease brought an action against his landlord for damages resulting from an alleged breach of contract. The landlord filed an answer which denied the breach of contract and asserted that the tenant was indebted to him for certain specified items. The case was submitted to a jury, which rendered a verdict in favor of the tenant for $393.29. The landlord filed a motion for a new trial. After the jury had

been discharged the tenant filed a motion for leave to amend his petition by increasing the sum for which judgment was prayed and for an order increasing the amount of the verdict so that it would conform to the facts pleaded in the petition and the evidence introduced in support of the same. The trial court overruled the motion for a new trial; sustained the motion for leave to amend, and increased the amount of the verdict and the judgment thereon to the amount of $568.54. The landlord has appealed and contends that his motion for a new trial should have been sustained and that the court erred in increasing the amount of the verdict and in entering judgment for the increased amount.

1. The first question to be considered is whether the landlord is entitled to a new trial. The landlord contends that the trial court erred in the admission of certain testimony; that the judgment in favor of the tenant was excessive, and that the verdict of the jury was not supported by the evidence. This is not a case in which it is asserted that the verdict of the jury was not supported by any evidence so that the question became a matter of law but it is only contended that the competent evidence considered by the jury does not justify the amount of its verdict. The record in this court must be sufficient to present the specified errors. The abstract does not set forth a copy of the motion for new trial. The record does not disclose whether the asserted trial errors relative to the admission of evidence were called to the attention of the trial court at the time of the argument on the motion for a new trial. The record is also silent as to whether the contention that the judgment was not supported by sufficient competent evidence was called to the attention of the trial court in connection with the motion for a new trial. We cannot determine whether such alleged errors were asserted in the motion for a new trial. The abstract only discloses that at the time the motion for a new trial was argued the landlord presented his affidavit that a certain witness, if called, would testify as to having paid the tenant the sum of $20 for kaffir corn. No showing was made establishing due diligence on the part of the landlord in attempting to have the witness present at the trial. The journal entry of judgment discloses that the trial court disposed of the contention by holding that the case had been pending for more than two years and that, therefore, the landlord had failed to show reasonable diligence. The journal entry of judgment also discloses that the landlord, in presenting

his argument for a new, trial, asserted that the verdict was in whole or in part contrary to the evidence. In overruling the motion for a new trial on such ground, the court found that the discrepancy presented was too small to warrant the expense of a new trial and further that counsel for plaintiff had agreed to accept a remittitur to correct any variance. If any evidence was introduced pertaining to the question it is not included in the record before us. Also, we are wholly unable to learn from the record what items may have been referred to in argument of counsel in furtherance of the motion for a new trial and whether the contentions set forth in the brief filed by the landlord in this court were presented to and considered by the trial court at the time the motion for a new trial was argued. All trial errors and irregularities must be shown by the record to have been presented to the trial court on a motion for a new trial before they can be considered by this court on appeal. The rule is so well settled that it needs no citation of authorities, but see *Anderson v. Shannon,* 146 Kan. 704, 73 P. 2d 5, 114 A. L. R. 200; *Finley v. Standley,* 151 Kan. 520, 99 P. 2d 746, and *Lish v. Wehmeyer,* 158 Kan. 339, 147 P. 2d 712. Also, a contention that the amount of a judgment or verdict is not supported by sufficient competent evidence must affirmatively appear to have been asserted to the trial court in connection with a motion for a new trial before it can be considered in this court. (See *Decker v. House,* 30 Kan. 614, 1 Pac. 584; *McNally v. Keplinger,* 37 Kan. 556, 15 Pac. 534; *Anderson v. Insurance Co.,* 55 Kan. 81, 39 Pac. 1038; *Weaver v. City of Cherryvale,* 102 Kan. 475, 170 Pac. 997; and *Kinear v. Guthrie,* 113 Kan. 692, 216 Pac. 280.) It follows that the record before us is insufficient to justify our reversing the ruling of the trial court denying the landlord a new trial.

2. The second question is whether the trial court was justified in increasing the amount of the verdict rendered by the jury and entering judgment for the increased amount long after the jury had been discharged. The motion to amend the petition by increasing the sum for which judgment was prayed was predicated upon the contention that the evidence introduced at the trial disclosed without contradiction that the landlord should pay the tenant for one-half of the value of the livestock increase under the terms of the written lease and that the landlord in his answer admitted that he had not accounted to the tenant for such sum. The motion also set forth

that both parties to the action had introduced evidence to establish the value of the livestock increase and that there was no conflict in the testimony as to the value thereof. However, it is quite clear that the evidence may have been considered by the jury in determining the amount of the verdict returned in favor of the tenant. It is asserted by the tenant in the motion that an exhibit in the nature of a compilation of items of damages, which was attached to the the petition, inadvertently omitted the value of the increase in the livestock. From our examination of the exhibit, however, it appears that the value of the increase of the livestock was estimated and included in the exhibit and that the jury may have considered the value of such increase in determining the amount of its verdict.

The record in this case would not justify us in holding that the action was one for an accounting, in which, for some strange reason, a jury was called in an advisory capacity and that the court was justified in increasing the amount of the judgment to include an item which had been unintentionally overlooked in summarizing the debits and credits of the respective parties. We can find no justification whatever for the trial court having increased the amount of the verdict and the judgment in the instant case. This is not a case wherein the jury's verdict might be corrected by mathematical calculation or by merely determining interest which the jury failed to figure; neither is it an instance wherein the answers of the jury to special questions require that the amount of the general verdict be changed and it cannot be said in this case that no controversy existed as to the amount of recovery, as was true, for example, in the case of *Kansas Wheat Growers Ass'n v. Smith*, 127 Kan. 267, 273 Pac. 437. The rule applicable will be found stated in 53 Am. Jur. 758, § 1094, as follows:

"The judge cannot, under the guise of amending the verdict, invade the province of the jury or substitute his verdict for theirs. After the amendment the verdict must be not what the judge thinks it ought to have been, but what the jury intended it to be."

See, also, 64 C. J. 1094, § 894 *et seq*. If the court was dissatisfied with the amount of the verdict in the present case, it became the court's duty to set the verdict aside and grant a new trial.

Apparently the district court was of the opinion that a new trial should not be granted. The appellee did not request a new trial. This court is convinced that the evidence as to the value of the increase of the livestock could have been and probably was considered

by the jury. The appellee should have asked leave to amend the prayer to his petition by increasing the amount set forth therein before the case was submitted to the jury. Consequently, the order of the district court increasing the amount of the verdict is set aside and the case is remanded with instructions to enter judgment in behalf of the tenant for the amount of the verdict returned by the jury less the undisclosed amount of the remittitur.