No. 39,664

ELLA S. STRAIN, et al., *Appellants*, v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellee*.

(285 P. 2d 1099)

Opinion
filed July 6, 1955.

*John B. Pierson,* of Ottawa, argued the cause, and *Clark Howerton,* of Garnett, was with him on the briefs for the appellants.

*Wayne Loughridge,* of Garnett, argued the cause, and *W. B. Kirkpatrick,* Assistant Attorney General, *Warren Ralston* and *Connie Achterberg,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: The basic question in this case concerns the power and authority of the trial court, under the circumstances hereinafter narrated, to increase the amount of a jury's verdict in the trial of an appeal from the award of appraisers in a highway condemnation action.

The State Highway Commission commenced a proceeding to condemn land for highway purposes. Appraisers were appointed and their report was duly filed. Included among the tracts sought to be condemned were three tracts in section 9 and one tract in section 10, owned by plaintiffs. The three tracts in section 9 were designated as 11A, 11B and 11C, and contained 6.84 acres, 1.90 acres and .34 acre, respectively. The tract in section 10, designated as tract 12, contained 5.89 acres.

Plaintiffs, being dissatisfied with the award made by the appraisers, appealed to the district court where the case was tried before a jury. Considerable evidence was introduced and a form of verdict consisting of eight questions was submitted to the jury. These questions, together with the jury's answers, are as follow:

"1. What was the fair market value of the 6.84 acres actually taken for right-of-way?
ANSWER: $513.00.

"2. What was the damage resulting from the necessity of building 222 rods of permanent fence along the new road?
Answer: $688.20.

"3. What was the damage resulting from the taking of 40 rods of lane fence?
Answer: $120.00.

"4. What was the damage to the 1.90 acres as a result of taking an easement for borrow?
Answer: $142.50.

"5. What was the damage resulting from the necessity of building 53 rods of temporary fence around the 1.90 acres of borrow?
Answer: $149.50.

"6. What was the damage to the 0.34 acre as a result of taking an easement for borrow and channel change?
Answer: $25.50.

"7. What was the damage resulting from the necessity of building 15 rods of temporary fence around the 0.34 acre?
Answer: $42.30.

"8. What was the damage, if any, to the remaining tract as the result of taking 6.84 acres for right of way and the easements mentioned above?
Answer: None."

Not until after the jury was discharged was it discovered by court and counsel that the court had not submitted to the jury any instruction or question concerning tract 12 in section 10, containing 5.89 acres, and the jury, of course, made no allowance for this particular acreage. The matter was simply an inadvertent oversight on the part of court and counsel.

Plaintiffs filed a motion for a new trial, alleging the statutory grounds, and moved to set aside the answer to question number 8 as being contrary to the evidence.

By the answers to questions 1, 4 and 6, it will be seen that the jury allowed the sum of $75 per acre for land in the three tracts in section 9.

The court overruled plaintiffs' motion for a new trial and the motion to set aside the answer to question number 8, and, on its own motion, increased the award for land taken by allowing $75 per acre for tract number 12, containing 5.89 acres, or a total sum of $441.75 for such tract, and rendered judgment accordingly.

In other words, we have this situation:

Four tracts of land were being condemned. Through oversight of court and counsel the jury was directed to find the value of only three of them. It valued each of them at $75 per acre. The omis-

sion with reference to the fourth tract was not discovered until the jury had been discharged, and the court, on its own motion, increased the verdict by $441.75, such figure being the value of that tract at the rate of $75 per acre.

Plaintiffs have appealed and specify as error the action of the trial court in increasing the verdict of the jury, in overruling the motion to set aside the answer to question number 8, and in overruling the motion for a new trial.

With respect to their contention concerning the answer to question number 8, we are unable to say that the court erred in its ruling. It is true there was some evidence which tended to show damage resulting to plaintiffs with respect to future secondary production from abandoned oil wells on the land by virtue of the highway project. Aside from the fact such evidence was highly speculative and conjectural, there was other evidence from which the jury was justified in concluding that no damage resulted to the remaining land by virtue of the taking of the 6.84 acres in question. No useful purpose would be served in summarizing this evidence. We have examined it and have no hesitancy in saying that the answer to question number 8 is supported by the record.

This brings us, then, to the principal question in the case—that is, the power and authority of the trial court to increase the verdict, as above related.

In support of the judgment rendered, defendant commission argues that it is very obvious the jury was of the opinion that *all* of the land taken was worth $75 per acre; that had the jury been directed to find the value of the tract omitted it would have found it to be worth the precise amount by which the court increased the verdict, and that under all of the circumstances presented the court possessed inherent power and authority to increase the verdict accordingly. It is further contended that under appropriate circumstances a court has the same inherent power and authority to increase a verdict as it possesses to order a remittitur.

Plaintiffs, on the other hand, contend the action of the trial court amounted to an unlawful invasion of the exclusive province of the jury, and that a new trial is the only solution of the matter.

In our opinion the court erred in increasing the amount of the verdict. There are instances in which, under the authority of G. S. 1949, 60-2917, a court is authorized to correct or amend a verdict which is defective in form only, but that rule is inapplicable to the

situation here: This is not a case wherein the verdict might be corrected by mathematical calculation or by merely determining interest ·which the jury failed to figure, and neither is it a case wherein answers to special questions require that the amount of the general verdict be increased (G. S. 1949, 60-2918; *Clark v. Missouri Pac. Rld. Co.*, 134 Kan. 769, 771, 772, 8 P. 2d 359). As a practical matter, the question of the value of the tract in question, and of damage to the remaining land by virtue of the taking of that tract, was entirely removed from the consideration of the jury. It was not directed to find the value of that tract or damage to the remaining land by virtue of such taking, and neither was the jury directed to find the value per acre of *all* land taken. It may well be that had the jury been directed to find the value of that tract it would have valued it at $75 per acre, just as the court did, but the trial court and, on appeal, this court, are not permitted to indulge in any such presumption. The real point of the matter is that the court lacked power and authority to increase the verdict. In *Robinson v. Davis*, 162 Kan. 44, 174 P. 2d 111, it was held:

"After a jury has returned its verdict and has been discharged a trial judge cannot amend the verdict by increasing the amount thereof to the extent of certain damages which the jury may, or may not, have considered in reaching its verdict." (Syl. 4.)

See also the numerous citations in Hatcher's Kansas Digest, Revised Edition, Trial, § 320.

The only question remaining concerns the disposition to be made of the case. We have already stated that the court did not err in overruling the motion to set aside the answer to question number 8, and it appears there is no particular controversy with respect to the other portions of the verdict which was returned. Such being the case, it would appear that the proper solution of the matter is that under the authority of G. S. 1949, 60-3004, a limited new trial should be ordered.

Our conclusion, therefore, is this:

The orders of the trial court refusing to set aside the answer to question number 8, and approving those findings which the jury did make, are affirmed. The action of the trial court in increasing the verdict by the amount of $441.75 is reversed and set aside. It is further ordered that plaintiffs be granted a new trial, limited to the ascertainment of the value of tract 12, containing 5.89 acres, and the damage, if any, to the remaining land as the result of the taking of such tract.