(830 P.2d 1221)
No. 66,961

DASIE M. DIXON, *Appellant,* v. DAVID L. PROTHRO, *Appellee.*

Opinion filed April 24, 1992.

*Laura B. Shaneyfelt* and *David P. Calvert,* of Focht, Hughey & Calvert, of Wichita, for appellant.

*Stephen M. Kerwick,* of Foulston & Siefkin, of Wichita, for appellee.

Before PIERRON, P.J., GERNON, J., and DONALD L. WHITE, District Judge Retired, assigned.

PIERRON, J.: Dasie M. Dixon (plaintiff-appellant) appeals the trial court's granting of an additur increasing the jury's verdict against David L. Prothro (defendant-appellee) instead of granting plaintiff's motion for a new trial.

On February 27, 1985, cars driven by Dasie M. Dixon and David L. Prothro were involved in an automobile accident in Wichita, Kansas. Dixon filed suit against Prothro for damages caused by the accident.

At trial, the jury found that Dixon was 49 percent at fault for the accident and Prothro was 51 percent at fault. In addition, the jury found that Dixon sustained the following damages:

| Past and Present Damages: | |
|---|---|
| Pain and Suffering | 0 |
| Disability | 0 |
| Mental Anguish | 0 |
| Necessary Medical Care, Hospitalization and Treatment | $2,900 |
| Lost Time or Earnings | $7,600 |
| Damages Reasonably Expected To Be Sustained in The Future: | |
| Pain and Suffering | 0 |
| Disability | 0 |

| | |
|---|---|
| Mental Anguish | 0 |
| Necessary Medical Care Hospitalization and Treatment | $500 |
| Lost Time or Earnings | 0 |
| TOTAL | $11,000 |

Using the jury's apportionment of fault, the court awarded Dixon $5,610.

Dixon filed a motion for a new trial, claiming the jury's failure to award damages for pain, suffering, disability, and mental anguish was inconsistent with its award of medical expenses and lost earnings damages. The court denied Dixon's motion for a new trial and Dixon appealed to this court.

In an unpublished opinion No. 62,678, filed September 29, 1989, this court held that "[s]ince [plaintiff's] complaints all relate to pain and suffering, it was inconsistent and in part contrary to the evidence for the jury to award damages for past and future medical expenses and not award damages for pain and suffering." This court affirmed the lower court on fault apportionment and reversed and remanded for a new trial on damages.

A second jury trial was held on the damages issue. Evidence was presented on the nature of Dixon's injury, the cause of the injury, medical expenses, pain and suffering, and economic loss due to the injury. The jury found Dixon sustained total damages of $1,741.12. That amount included:

| | |
|---|---|
| Noneconomic Loss to Date | $101.92 |
| Future Noneconomic Loss | 0 |
| Medical Expenses to Date | $518.20 |
| Future Medical Expenses | 0 |
| Economic Loss to Date | $1,121.00 |
| Future Economic Loss | 0 |
| TOTAL | $1,741.12 |

Using the previously determined fault percentages, the court granted judgment for Dixon for $887.97.

We note K.S.A. 1991 Supp. 60-249a requires the use of an itemized verdict form in a personal injury damages action. The statute requires noneconomic injuries and losses to be separated into three categories. The categories are pain and suffering, disability, and disfigurement and any mental anguish. K.S.A. 1991 Supp. 60-249a(a)(1). The verdict form presented to the second jury in this case did not conform to this requirement. It only

listed the general category of noneconomic injuries and losses and not the three specific subcategories. However, neither party has raised this issue on appeal and there is no need for us to address it.

Dixon moved for a new trial, claiming the verdict was contrary to the evidence, the verdict was given under the influence of passion or prejudice, and misconduct of the jury. The trial court found "that based on the evidence—the uncontroverted evidence this jury's verdict is inadequate." The court proposed an additur to be accepted by both parties within 10 days and if the additur was not accepted by both parties, a new trial would be granted. The proposed additur increased medical expenses to date to $1,278.70 and economic losses to date to $6,828.64. Noneconomic loss to date remained unchanged at $101.92.

Prothro filed a motion to reconsider, alter, or amend, and to settle the journal entry. Prothro claimed the court used an incorrect procedure for the additur. The court agreed with Prothro and held that only Prothro must accept the additur. If Prothro accepted the additur, judgment would be entered for Dixon for 51 percent of the amount after additur. Prothro accepted the additur and the court entered judgment for Dixon for $4,202.53.

Dixon filed a motion to alter or amend the judgment, claiming the court erred and abused its discretion in granting the additur. The court denied the motion. Dixon then appealed to this court.

The issue before us is whether the trial court erred in increasing the amount of the jury's verdict over the objection of the plaintiff.

"This court's review of conclusions of law is unlimited. [Citations omitted.]" *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). See *State v. Dorsey*, 13 Kan. App. 2d 286, 287, 769 P.2d 38, *rev. denied* 244 Kan. 739 (1989).

The plaintiff contends she was deprived of her constitutional right to a jury trial by the trial court's entry of an additur over her objection and in lieu of a new trial. She claims she must consent to additur for it to be used in her case. In addition, the plaintiff asserts the trial court's use of additur was beyond its jurisdiction.

The defendant, on the other hand, contends the trial court needed only the defendant's, not the plaintiff's, consent to order

an additur and that the trial court's use of additur itself is proper. Because the plaintiff has raised a constitutional issue, both Kansas and federal law and their relationship in the context of additur will be examined.

Because additur has been allowed on the same basis as remittitur in certain jurisdictions, a general discussion of remittitur is appropriate. 5 Am. Jur. 2d, Appeal & Error § 946. The basic rule is that when a trial court determines a jury verdict is inadequate, the court should grant the plaintiff a new trial or a new trial limited to damages. 11 Wright & Miller, Federal Practice and Procedure: Civil § 2815, 99 (1973). The court may not arbitrarily reduce damages. 11 Wright & Miller, § 2815 at 99. However, since 1922, remittitur has been used when it is apparent as a matter of law that certain identifiable sums should not have been included in the jury verdict. When that situation occurs, the court may condition the denial of a new trial upon plaintiff's acceptance of a remittitur. 11 Wright & Miller, § 2815 at 99-100.

In other words, the plaintiff, as the affected party, has the option of reducing the damages to a level the court deems appropriate or submitting to the hazards of a new trial. Remittitur, however, is not proper if the verdict was the result of passion or prejudice. 11 Wright & Miller, § 2815 at 103.

Remittitur is uniformly accepted by the lower federal courts. 11 Wright & Miller, § 2815 at 100. Although there has been no express statutory authorization for remittitur in Kansas since 1964, the rule also is well established in Kansas that either a trial or appellate court may deny a new trial on plaintiff's acceptance of a remittitur. *Rood v. Kansas City Power & Light Co.*, 243 Kan. 14, 19, 755 P.2d 502 (1988); *Ford v. Guarantee Abstract & Title Co.*, 220 Kan. 244, 275-76, 553 P.2d 254 (1976).

Our courts have also held that the use of an itemized verdict form, which may identify inappropriate damage categories and amounts, can negate our traditional requirement of plaintiff's consent to a reduced verdict. *Kansas State Bank & Tr. Co. v. Specialized Transportation Services, Inc.*, 249 Kan. 348, 819 P.2d 587 (1991).

Additur, however, has not been as well accepted by the courts. Additur occurs when a jury returns a verdict deemed insufficient

by the court. The court then conditions its denial of plaintiff's new trial motion on defendant's acceptance of an increased damage award. 11 Wright & Miller, Federal Practice and Procedure: Civil § 2816, 106-07 (1973). There is substantial controversy and a split of authority over whether additur should be used to increase a jury's insufficient verdict. 5 Am. Jur. 2d, Appeal & Error § 946, p. 373; 22 Am. Jur. 2d, Damages § 1030.

Although Kansas has a long history of permitting remittitur, the use of additur is a fairly new procedure in Kansas. In *Rood*, the court approved the use of additur, at least in certain circumstances. *Rood* was a personal injury action for injuries that occurred when plaintiff was hit by an object coming off a Kansas City Power & Light truck. 243 Kan. at 14-15. The plaintiff appealed a $2,000 jury verdict, claiming the trial court erred in not allowing a medical bill to be admitted into evidence. 243 Kan. at 15. The Supreme Court decided the trial court had erred and the evidence at trial showed the medical treatment had been reasonable and necessary. 243 Kan. at 17. The court ordered an additur of $580, the amount of the medical bill incorrectly kept out of evidence, if the defendant consented. If the defendant did not accept the additur, the trial court's decision would be reversed and the case remanded for a new trial on damages only. 243 Kan. at 20.

The *Rood* court held that "[a]n additur may be allowed on the same basis as a remittitur, that is, by allowing the party affected (the defendant in case of additur) to accept a verdict for the added amount in lieu of a new trial." 243 Kan. 14, Syl. ¶ 1. The court relied on various authority to support its holding. Kansas appellate courts have the power to "correct, modify, vacate or reverse any act, order or judgment of a district court . . . to assure that any such act, order or judgment is just, legal and free of abuse." K.S.A. 1991 Supp. 60-2101(a) and (b).

This power to correct led the court to conclude that appellate courts may allow additur with the defendant's consent if necessary to correct a judgment. *Rood*, 243 Kan. at 19. In addition, the court relied on two older Kansas cases suggesting that using additur in certain cases is within the power of the court and does not offend basic principles of justice. According to the court, an error affecting the main issue of the case should be corrected if

at all possible without disturbing the decision of the main issue. 243 Kan. at 19 (reviewing *Kremer v. Kremer*, 76 Kan. 134, 90 Pac. 998 [1907]). The court also reviewed general principles of remittitur and additur, noting that if an error at the trial court level can be corrected without the time and expense of a new trial, it should be done. 243 Kan. at 20. The court concluded that additur was appropriate in that case and if the defendant did not consent, a new trial would be ordered. 243 Kan. at 20.

Plaintiff argues that while *Rood* appears to grant a trial court the authority to increase an inadequate verdict, the decision actually is more limited. In *Rood*, a medical bill was improperly kept out of evidence by the trial court allowing the appellate court to accurately determine the amount of damages to add to the jury's verdict. In our case, such a determination is not so certain.

Plaintiff's position does have some support from *Rood* itself. The court's syllabus, upon which the trial court relied, states that "[a]n additur may be allowed on the same basis as a remittitur." 243 Kan. 14, Syl. ¶ 1. However, in the case itself, the court does not use such direct language. After stating the general Kansas rule on remittitur, the court stated that "[w]e see no reason why the same rule should not be applied under the peculiar facts of this case." 243 Kan. at 19. Earlier in its discussion, the court cited authority holding that errors not affecting the main issue should be corrected, if possible, without disturbing the decision of the main issue. 243 Kan. at 19-20. The court could have considered the mistake in *Rood* (medical bill improperly not admitted into evidence) as a minor error not affecting the main issue of liability and only affecting a minor part of the total damages. In our case, however, liability already was determined in an earlier jury trial and the only issue was damages. The trial court's additur affected two out of the three categories of damages awarded by the jury and that certainly affects the main issue at the second trial.

Unfortunately, *Rood* is the only Kansas case which specifically addresses the use of additur. However, the Kansas Supreme Court did indirectly indicate its approval of additur in *Samsel v. Wheeler Transport Services, Inc.*, 246 Kan. 336, 789 P.2d 541 (1990). In *Samsel*, the court reviewed the Kansas statute limiting

the recovery of noneconomic damages in personal injury actions. The Court said a trial court may refuse to accept a jury's damage findings in a personal injury case if the verdict is so *low* or so high, in light of the evidence, as to shock the conscience of the court. When that occurs, the court may either offer the affected party the opportunity to accept a verdict more in line with the evidence or, if the party refuses, order a new trial. 246 Kan. at 359. By the use of this language, the court implies that additur is allowed on the same basis as remittitur in personal injury actions. Reading *Samsel* and *Rood* together, additur would be available in this personal injury action in which the jury verdict was found by the trial court to be inadequately low.

Plaintiff next argues that if additur is used, she must consent because it affects her right to a new trial. It is clear from *Rood*, *Samsel*, and general principles of remittitur and additur that only the affected party, as defined, must consent. Thus, in additur, generally only the defendant must consent. Plaintiff has not been denied a jury trial. In the instant case she has had two. The additur merely adds to that which she received. Absent a showing that the verdict is totally inadequate due to passion and prejudice, that is all she is entitled to.

We turn now to the constitutional issue. Plaintiff claims her constitutional right to a jury trial is violated when additur is allowed without her consent. Plaintiff's argument reaches the heart of the debate about additur. Some courts believe it violates plaintiffs' rights to a jury trial to have their damages determined by a judge and some courts do not. Remittitur does not raise this issue because a jury already has determined the amount of plaintiff's damages, and the damages awarded are excessive. Decreasing damages with the plaintiff's consent does not harm the defendant, and the plaintiff waives the right to another jury trial. With additur, on the other hand, the court is determining the plaintiff's damages after a finding that the jury's verdict is insufficient. Therefore, some courts feel that additur infringes on a plaintiff's right to a jury trial.

In 1935, the United States Supreme Court, in a case with remarkably similar facts, held that additur is not allowed in federal district courts. *Dimick v. Schiedt*, 293 U.S. 474, 79 L. Ed. 603, 55 S. Ct. 296 (1935). In *Dimick*, plaintiff sued in federal district

court to recover damages for a personal injury resulting from an automobile collision. After the jury returned the verdict, plaintiff moved for a new trial, claiming that the damages were inadequate and the verdict was contrary to the evidence. The trial court instead gave the defendant the option of accepting an additur or submitting to a new trial, and plaintiff was not given the opportunity to consent. The defendant accepted the additur, plaintiff's new trial motion was denied, and plaintiff appealed. The Court of Appeals held for the plaintiff, stating that the trial court's order violated the Seventh Amendment's guarantee of a trial by jury, and the Supreme Court affirmed.

The Seventh Amendment to the United States Constitution states: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend 7. The Seventh Amendment is heavily relied upon by the court in Dimick.

The Court first looked to the common law to determine whether additur was allowed at the time the Constitution was adopted. It found the practice allowed the *decrease* of excessive jury awards but "forbade the court to *increase* the amount of damages awarded by a jury." 293 U.S. at 482. The court recognized the lower federal courts had consistently applied remittitur in cases with excessive damage jury awards for over 100 years. 293 U.S. at 482-83. However, the court said, "[T]he power to conditionally increase the verdict of a jury does not follow as a necessary corollary from the power to conditionally decrease it" because " 'no jury has ever passed on the increased amount, and the practice has no precedent according to the rules of the common law.' " 293 U.S. at 485. Therefore, the court found no common-law basis for additur and held that the Seventh Amendment required such a basis before an individual may be deprived of his right to a jury trial. 293 U.S. at 476-77.

Next, the court looked to the traditional role of juries in our system of justice and how remittitur and additur affects that role. Juries, and their position as factfinding bodies, have such an important place in our system and history that any attempt to curtail their function should be examined with the utmost care.

When a court orders a remittitur, the jury already has reached a verdict. When a court lowers excessive damages, what remains is technically what has been found by the jury but with only the excess taken off. 293 U.S. at 486. Adding to a jury's verdict is awarding something that the jury has not agreed to. It usurps the jury's traditional power to determine facts. 293 U.S. at 486. To allow a court to increase damages only with the defendant's assent "is obviously to compel the plaintiff to forego his constitutional right to the verdict of the jury and accept 'an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.' " 293 U.S. at 486-87.

The Court held in *Dimick* that a federal district court does not have the power, under the Seventh Amendment right to a jury trial, to increase an inadequate jury verdict with only the defendant's consent. Instead, the remedy for an inadequate verdict without mutual agreement on additur is a new trial. 293 U.S. at 476. The *Dimick* holding is still good law today. Federal courts are not allowed to use additur as a remedy for an inadequate jury verdict. See *Estes v. Southern Pac. Transp. Co.*, 598 F.2d 1195, 1199 (10th Cir. 1979); 11 Wright & Miller, § 2816, 107.

However, the Seventh Amendment does not apply to states through the Fourteenth Amendment. *Fay v. New York*, 332 U.S. 261, 91 L. Ed. 2043, 67 S. Ct. 1613, *reh. denied* 332 U.S. 784 (1947); *Walker v. Sauvinet*, 92 U.S. 90, 23 L. Ed. 678 (1875); *Edwards v. Elliott*, 88 U.S. 532, 22 L. Ed. 487 (1874); *First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 622, 602 P.2d 1299 (1979). The next step, therefore, is to examine whether the Kansas constitutional provision on the right to a jury trial was violated by the additur.

The Kansas Supreme Court specifically addressed the Kansas constitutional right to a jury trial in *Samsel v. Wheeler Transport Services, Inc.*, 246 Kan. 336, taking much the same analytical approach as the United States Supreme Court in *Dimick*. The Kansas Constitution states that "[t]he right of trial by jury shall be inviolate." Kan. Const. Bill of Rights, § 5. To interpret section 5, the court looked to the common law which became incorporated into the constitution at the time the state constitution was adopted. *Samsel*, 246 Kan. at 349. The court concluded that the "state constitution and the Kansas common law recognize that

the right to a jury trial includes the right to have the jury determine damages." 246 Kan. at 351. See *Kansas Malpractice Victims Coalition v. Bell*, 243 Kan. 333, 342, 757 P.2d 251 (1988).

However, the court also recognized that this is not an unlimited right. For example, the legislature may modify those rights under certain circumstances as long as due process requirements are met and the change is reasonably necessary to promote the public welfare. *Samsel*, 246 Kan. at 358. In addition, jury verdicts always have been subject to the concurrence of the trial judge at common law. The trial or appellate courts have long been able to grant a remittitur or a new trial without violating the individual's federal constitutional right to a jury trial. In a personal injury case, a court may refuse to accept a jury's findings of damages if the amount shocks the conscience of the court. 246 Kan. at 359. Also, the legislature has expressly provided statutory authority for the courts to order a new trial in certain circumstances. K.S.A. 60-259. The right to a jury trial has always had some limits placed upon it, even at common law.

In summary, the court's holdings in *Samsel*, 246 Kan. at 359, that a constitutional right to have a jury determine damages is limited and the constitution is not violated by remittitur or ordering a new trial, and in *Rood*, 243 Kan. 14, Syl. ¶ 1, that additur is to be allowed on the same basis as remittitur, leads to the conclusion that additur also is constitutional pursuant to the Kansas Constitution and does not violate an individual's right to have damages determined by a jury.

Was the trial court's additur appropriate under the facts of this case?

In *Samsel*, 246 Kan. at 359, the court described a procedure that may be used. The standard for granting an additur or remittitur is whether the jury award is so insufficient (additur) or excessive (remittitur) as to shock the conscience of the court. *Folks v. Kansas Power & Light Co.*, 243 Kan. 57, 77, 755 P.2d 1319 (1988); *Rood*, 243 Kan. at 19. In cases where additur is considered, the court first refuses to accept the verdict; the court offers the affected party, the defendant, the opportunity to accept a verdict more in line with the evidence; and, if that party refuses, the court orders a new trial. *Samsel*, 246 Kan. at 359. While Kansas courts have ruled that the proper remedy for an inade-

quate jury verdict is usually a new trial, *Rood* and *Samsel* modify that remedy and allow additur to be used where appropriate. See *Levy v. Jabara,* 193 Kan. 595, 396 P.2d 339 (1964); *Henderson v. Kansas Power & Light Co.,* 188 Kan. 283, 362 P.2d 60 (1961).

The trial court in our case followed this procedure. The court found the jury's verdict was inadequate. The court then offered the defendant the opportunity to accept an additur, which the defendant did. Because defendant accepted the additur, the court was not required to order a new trial. The court followed the proper procedure.

To support its decision that the verdict was inadequate, the court relied on oral testimony at the trial and exhibits. The court found the plaintiff suffered noneconomic losses of $518.20, the same amount the jury found. The court also found plaintiff's medical expenses to be $1,278.70, which the court said it *believed* were the medical bills of Dr. Burney and Dr. Lungsford. The court expressed uncertainty as to the exact amount of the medical bills of these two doctors. In the entry of judgment, the court awarded $1,309.70 in medical expenses without explaining the increase. The court also found that plaintiff lost $6,828.64 in wages from the date of the accident until Dr. Lungsford released the plaintiff to return to work on May 30, 1985.

Much evidence about medical expenses and lost wages was presented at trial. Unfortunately, the exhibits referred to in testimony were not included in the record on appeal. For example, plaintiff's exhibit 1, a notebook of medical and employment records, was admitted by stipulation but is not part of the record on appeal. "It is the duty of an appellant to bring up a complete record of all matters upon which review is sought." *Hesston Corp. v. Kansas Employment Security Bd. of Review,* 235 Kan. 716, 724, 684 P.2d 388 (1984). See *First Nat'l Bank & Trust Co. v. Lygrisse,* 231 Kan. 595, 602, 647 P.2d 1268 (1982). "[T]he appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, we presume that the action of the trial court was proper." *Hesston,* 235 Kan. at 724 (citing *Jackson v. City of Kansas City,* 235 Kan. 278, 307, 680 P.2d 877 [1984]; *State v. Bright,* 229 Kan. 185, 623 P.2d 917 [1981]).

Some evidence, although not detailed, found in the record supports the court's increase of the jury award on medical expenses. Dr. Marsh, defendant's witness, testified that the treatments and care given to the plaintiff by Dr. Burney and Dr. Lungsford were reasonable through the third or fourth month after the accident. When the trial court increased the medical expenses award, the court stated the increase was to cover the bills of Dr. Burney and Dr. Lungsford. Even though nothing in the record indicates the exact amount of these expenses, the trial court had that information and we can only assume that the amount the trial court granted was the amount of those expenses. Therefore, competent evidence supports the trial court's medical expenses additur.

More detailed evidence is found to support the court's increase in the jury's lost wages award. The plaintiff testified that from February 27, 1985, to May 30, 1985, she lost 536 hours of work at $12.74 an hour. The total lost wages for that time period was $6,828.64, the amount of lost wages the court found. Again, competent evidence supports the trial court's lost wages additur.

In short, the court found the jury verdict not to be totally unacceptable, just somewhat inadequate. A minor revision, not a third trial, was called for.

Competent evidence in the record on appeal supports the trial court's additur. Therefore, the court's actions were reasonable and were not an abuse of discretion.

Affirmed.