No. 66,961

DASIE M. DIXON, *Appellant,* v. DAVID L. PROTHRO, *Appellee.*

(840 P.2d 491)

Opinion filed October 30, 1992.

*Laura B. Shaneyfelt,* of Focht, Hughey & Calvert, of Wichita, argued the cause, and *David P. Calvert,* of the same firm, was with her on the briefs for appellant.

*Stephen M. Kerwick,* of Foulston & Siefkin, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Dasie M. Dixon sued David L. Prothro for damages caused by an automobile accident. After the second trial, Dixon moved for a new trial, contending the damages verdict was inadequate. The trial court, *sua sponte*, proposed an additur. Defendant agreed to the additur. Over plaintiff's objection, the trial court entered judgment for plaintiff in accordance with the proposed additur. Dixon appealed, claiming the trial court denied plaintiff her right to a new jury trial by entering an additur judgment over her objection. The Court of Appeals affirmed the district court. *Dixon v. Prothro*, 17 Kan. App. 2d 19, 830 P.2d 1221 (1992). We granted plaintiff's petition for review.

Cars driven by Dixon and Prothro were involved in an automobile accident in Wichita, Kansas. Dixon filed suit against Prothro for damages caused by the accident.

At trial, the jury found that Dixon was 49 percent at fault for the accident and Prothro was 51 percent at fault. The jury found that Dixon sustained the following damages:

Past and Present Damages:

| | |
|---|---:|
| Pain and Suffering | 0 |
| Disability | 0 |
| Mental Anguish | 0 |
| Necessary Medical Care, Hospitalization, and Treatment | $2,900 |
| Lost Time or Earnings | $7,600 |

Damages Reasonably Expected To Be Sustained in The Future:

| | |
|---|---:|
| Pain and Suffering | 0 |
| Disability | 0 |
| Mental Anguish | 0 |
| Necessary Medical Care, Hospitalization, and Treatment | $500 |
| Lost Time or Earnings | 0 |
| TOTAL | $11,000 |

Using the jury's apportionment of fault, the court awarded Dixon $5,610.

Dixon filed a motion for a new trial, claiming the jury's failure to award damages for pain, suffering, disability, and mental anguish was inconsistent with its award of medical expenses and lost earnings damages. The district court denied Dixon's motion

for a new trial and Dixon appealed. The Court of Appeals, in an unpublished opinion No. 62,678 filed September 29, 1989, found based on the evidence it was inconsistent for the jury to award damages for past and future medical expenses and not award damages for pain and suffering. It affirmed the lower court on fault apportionment and reversed and remanded for a new trial on damages.

At the second jury trial to determine the damages, evidence was presented as to Dixon's injury, the cause of the injury, medical expenses, pain and suffering, and her economic loss due to the injury. The second jury found Dixon sustained total damages of $1,741.12, a sum less than awarded by the first jury. The damages awarded were:

| | |
|---|---|
| Noneconomic Loss to Date | $101.92 |
| Future Noneconomic Loss | 0 |
| Medical Expenses to Date | $518.20 |
| Future Medical Expenses | 0 |
| Economic Loss to Date | $1,121.00 |
| Future Economic Loss | 0 |
| TOTAL | $1,741.12 |

Using the previously determined fault percentages, the district court granted judgment for Dixon for $887.97.

Dixon moved for a new trial, claiming the verdict was contrary to the evidence, the verdict was given under the influence of passion or prejudice, and there was jury misconduct. The trial court found based on the uncontroverted evidence the jury's verdict was inadequate. Rather than granting the plaintiff a new trial, the district court, *sua sponte*, proposed an additur of increased medical expenses to $1,278.70, economic losses to $6,828.64, and noneconomic loss to remain at $101.92. The trial court required its proposed additur to be accepted by both parties within 10 days. If the additur was not accepted by both parties, a new trial would be granted.

Prothro filed a motion to reconsider, claiming under *Rood v. Kansas City Power & Light Co.*, 243 Kan. 14, 19, 755 P.2d 502 (1988), only the defendant must accept the proposed additur. The district court agreed. Prothro accepted the additur and, over

plaintiff's objection, judgment was entered for Dixon in the amount of $4,202.53.

After the district court denied Dixon's motion to alter or amend the judgment, Dixon appealed, claiming the trial court denied her the right to a new jury trial by entering an additur judgment over her objection. The Court of Appeals held, based on *Rood*, (1) where the mere inadequacy of a verdict may be remedied by additur, the consent of the plaintiff is not required and (2) where additur will correct an inadequate verdict and the defendant agrees to the imposition of it, a new trial need not be granted to the plaintiff. We granted plaintiff's petition for review.

In *Samsel v. Wheeler Transport Services*, 246 Kan. 336, 359, 789 P.2d 541 (1990), this court described the procedure that may be used when the conscience of the trial court is shocked by the amount of the jury's award of damages in a personal injury case. The standard for granting an additur or remittitur is whether the jury award is so insufficient (additur) or excessive (remittitur) as to shock the conscience of the court. *Folks v. Kansas Power & Light Co.*, 243 Kan. 57, 77, 755 P.2d 1319 (1988); *Rood v. Kansas City Power & Light Co.*, 243 Kan. at 19. In such a case, the court first refuses to accept the verdict; the court offers the affected party the opportunity to accept a verdict more in line with the evidence; and, if that party refuses, the court orders a new trial. *Samsel*, 246 Kan. at 359.

Here, the trial court followed that procedure and determined that the jury's verdict was inadequate. The court then offered the defendant the opportunity to accept an additur, which the defendant did. Because defendant accepted the additur, the trial court refused to grant the plaintiff's request for a new trial.

In affirming the district court's use of an additur, the Court of Appeals noted that in some jurisdictions an additur has been allowed on the same basis as a remittitur and discussed two reasons why the use of a remittitur is appropriate. The Court of Appeals first observed that when the court proposes a remittitur, the plaintiff, as the affected party, has the option of reducing the damages to a level the court deems appropriate or submitting to the hazards of a new trial. It observed, in addition, our appellate courts have also held that the use of an itemized verdict form, which may identify inappropriate damage categories and amounts,

can negate our traditional requirement of plaintiff's consent to a reduced verdict. *Kansas State Bank & Tr. Co. v. Specialized Transportation Services, Inc.*, 249 Kan. 348, 819 P.2d 587 (1991).

The Court of Appeals acknowledged Dixon's claim that this court's decision in *Rood* was limited and pointed out that the syllabus and our holding in the opinion were conflicting statements as to the use of an additur, stating:

"The [*Rood*] syllabus, upon which the trial court relied, states that '[a]n additur may be allowed on the same basis as a remittitur.' 243 Kan. 14, Syl. ¶ 1. However, in the case itself, the court does not use such direct language. After stating the general Kansas rule on remittitur, the court stated that '[w]e see no reason why the same rule should not be applied under the peculiar facts of this case.' 243 Kan. at 19. Earlier in its discussion, the court cited authority holding that errors not affecting the main issue should be corrected, if possible, without disturbing the decision of the main issue. 243 Kan. at 19-20. The court could have considered the mistake in *Rood* (medical bill improperly not admitted into evidence) as a minor error not affecting the main issue of liability and only affecting a minor part of the total damages." 17 Kan. App. 2d at 24.

In affirming the trial court the Court of Appeals distinguished this case from *Rood*, noting here the trial court's additur affected two out of the three categories of damages awarded by the jury and that affected the main issue at the second trial. The issue before this court is, under the facts of this case, whether the trial court erred in using an additur which materially affected the main issue to increase the amount of the jury's inadequate verdict rather than granting a new trial.

In actions for liquidated damages, some courts will correct an insufficient verdict by increasing the amount of recovery and affirming the judgment as thus modified, as where, in a contract action, the plaintiff was denied interest or other liquidated amounts to which plaintiff was entitled. There is substantial controversy as to the power of the court, in actions for unliquidated damages, to increase the amount of an inadequate verdict. Some courts have taken the view that there is no such power. There are, however, certain jurisdictions in which additur has been allowed on the same basis as a remittitur, that is, by allowing the party affected (the defendant in the case of additur) to accept a verdict for the added amount in lieu of the hazards of a new trial. See 5 Am. Jur. 2d, Appeal & Error § 946, 373-74.

Kansas has a long history of permitting remittitur. Although there has been no express statutory authorization for remittitur in Kansas since 1964, the rule is well established in Kansas that either a trial or appellate court may deny a new trial on plaintiff's acceptance of a remittitur. *Rood v. Kansas City Power & Light Co.*, 243 Kan. at 19; *Ford v. Guarantee Abstract & Title Co.*, 220 Kan. 244, 275-76, 553 P.2d 254 (1976). Remittitur is not proper if the jury's verdict was the result of passion or prejudice. 11 Wright & Miller, Federal Practice and Procedure: Civil § 2815, 103 (1973).

The use of an additur, however, has not been as well accepted by the courts. Additur occurs when a jury returns a verdict deemed insufficient by the court. The court then conditions its denial of plaintiff's new trial motion on defendant's acceptance of an increased damage award. 11 Wright & Miller § 2816, 106-07. There is substantial controversy and a split of authority over whether additur should be used to increase a jury's insufficient verdict. 5 Am. Jur. 2d, Appeal & Error § 946, p. 373; 22 Am. Jur. 2d, Damages § 1030, pp. 1078-79.

Until 1988, the Kansas courts ruled that the proper remedy for an inadequate jury verdict is a new trial. *Rood* modifies that remedy and allows additur to be used. See *Levy v. Jabara*, 193 Kan. 595, 396 P.2d 339 (1964); *Henderson v. Kansas Power & Light Co.*, 188 Kan. 283, 362 P.2d 60 (1961). In *Rood*, the majority of this court approved the use of additur, in certain circumstances, without specifying the circumstances. *Rood* was a personal injury action for injuries that occurred when plaintiff was hit by an object coming off a Kansas City Power & Light truck. The plaintiff appealed a $2,000 jury verdict, claiming that the trial court erred in not allowing a medical bill to be admitted into evidence. This court decided that the trial court had erred by not admitting a bill for the cost of medical treatment which was reasonable and necessary.

The *Rood* court held that "[a]n additur may be allowed on the same basis as a remittitur, that is, by allowing the party affected (the defendant in case of additur) to accept a verdict for the added amount in lieu of a new trial." 243 Kan. 14, Syl. ¶ 1. Kansas appellate courts have the power to "correct, modify, vacate or reverse any act, order or judgment of a district court . . . to

assure that any such act, order or judgment is just, legal and free of abuse." K.S.A. 1991 Supp. 60-2101(a) and (b). This statutory power to correct led the *Rood* court to conclude that appellate courts may allow additur with the defendant's consent if necessary to correct a judgment. 243 Kan. at 19. In addition, the court relied on two older Kansas cases suggesting that using additur in certain cases is within the power of the court and does not offend basic principles of justice. The court concluded an error not affecting the main issue of the case should be corrected if it is possible to do so without disturbing the decision of the main issue. 243 Kan. at 19 (reviewing *Kremer v. Kremer,* 76 Kan. 134, 90 Pac. 998 [1907]).

After reviewing the general principles of remittitur and additur, the *Rood* court stated that if an error at the trial court level can be corrected without the time and expense of a new trial, it should be done. The court concluded that an additur of $580, the amount of the medical bill, was appropriate in that case and, if the defendant did not consent, a new trial would be ordered.

Neither the majority nor the dissent in *Rood* noted two prior Kansas cases which limit a court's power to amend a verdict by increasing the amount awarded by a jury. In *Robinson v. Davis,* 162 Kan. 44, 174 P.2d 111 (1946), a tenant in a farm lease brought an action against his landlord for damages resulting from an alleged breach of contract. The case was submitted to a jury, which rendered a verdict in favor of the tenant for $393.29. The landlord filed a motion for a new trial. After the jury had been discharged, the tenant filed a motion for leave to amend his petition by increasing the sum for which judgment was prayed and for an order increasing the amount of the verdict. The trial court denied the motion for a new trial, granted the motion for leave to amend, and increased the amount of the verdict and the judgment to $568.54.

The *Robinson* court found no justification whatever for the trial court having increased the amount of the verdict and the judgment. It noted this is not a case wherein the jury's verdict might be corrected by mathematical calculation or by merely determining interest which the jury failed to figure; neither is it an instance wherein the answers of the jury to special questions require that the amount of the general verdict be changed and

it could not be said that no controversy existed as to the amount of recovery. The *Robinson* court observed the applicable rule is stated in 53 Am. Jur. 758, § 1094:

> " 'The judge cannot, under the guise of amending the verdict, invade the province of the jury or substitute his verdict for theirs. After the amendment the verdict must be not what the judge thinks it ought to have been, but what the jury intended it to be.' " 162 Kan. at 47.

The *Robinson* court concluded if the trial court was dissatisfied with the amount of the verdict, it became the court's duty to set the verdict aside and grant a new trial.

In *Strain v. State Highway Commission*, 178 Kan. 294, Syl. ¶ 1, 285 P.2d 1099 (1955), this court stated that except in instances such as where a court is authorized under the provisions of a statute to amend or correct a verdict defective in form only, or where answers to special questions require that the amount of the general verdict be increased, a court is without power and authority to amend a verdict by increasing the amount thereof.

When a court orders a remittitur, the jury already has reached a verdict. When a court lowers excessive damages, what remains is technically what has been found by the jury but with only the excess taken off. *Dimick v. Schiedt*, 293 U.S. 474, 79 L. Ed. 603, 55 S. Ct. 296 (1935). An additur is totally different from a remittitur. Adding to a jury's verdict is adding something that the jury in no way, either explicitly or implicitly, passed upon. It usurps the jury's traditional power to determine facts. 293 U.S. at 486. To allow a court to increase damages only with the defendant's assent "is obviously to compel the plaintiff to forego his constitutional right to the verdict of the jury and accept 'an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.' " 293 U.S. at 487.

Juries, and their position as factfinding bodies, have such an important place in our system and history that any attempt to curtail the right to a jury trial should be examined with the utmost care. The basic rule is that when a trial court determines that a jury verdict is inadequate, the court should grant the plaintiff a new trial or a new trial limited to damages. The court may not arbitrarily reduce or increase damages.

In adopting the use of an additur, the *Rood* court limited a court's authority to increase an inadequate verdict to correct errors not affecting the main issue, when possible to do so without disturbing the decision of the main issue. We considered the mistake in *Rood* (medical bill improperly not admitted into evidence) as a minor error not affecting the main issue of liability and only affecting a minor part of the total damages.

A court may increase an inadequate jury verdict without the consent of the prevailing party where (1) a court is authorized by statute to amend or correct a verdict defective in form only; (2) answers to special questions in the verdict form require that the amount of the jury's general verdict be increased; or (3) the trial court has withheld evidence that is certain in the amount and the withholding of the evidence is a minor error which does not affect the jury's decision of the main issue. An additur is not proper if the jury's verdict was a result of passion or prejudice. Any meaning ascribed to Syl. ¶ 1 of the *Rood* opinion which is not consistent with our holding in this case is hereby disapproved.

The trial court found that the jury's verdict was not a result of passion or prejudice. In an effort to correct an inadequate jury verdict, the trial court granted an additur. However, the trial court's additur improperly affected the damages awarded by the jury, *i.e.*, the main issue of the second trial. The decisions of the district court and the Court of Appeals are reversed, and the matter is remanded for a new trial on the issue of damages only.